ELLEN F. COGHLAN, administratrix, vs. JOHN E. WHITE
& another.

Suffolk.   March 3, 1920. — June 22, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Snow and Ice. Notice. Evidence, Presumptions and burden of proof, Return
by constable. Constable.*

A return by a constable, upon a notice, directed under Sts. 1908, c. 305; 1913,
c. 324, to the owner of certain real estate, of personal injuries caused by ice
upon an adjoining sidewalk formed from water discharged by a defective spout
attached to a dwelling house on the premises, that he served the notice upon
a certain person, "the occupant of Suite 2 of the dwelling house," is *prima facie*
evidence of the facts therein stated.

Where, at the trial of an action for causing personal injuries and death through
the negligent maintenance upon a house of a defective water-spout which caused
ice to accumulate upon an adjoining sidewalk, the evidence upon the question,
whether a constable made service of the notice required by Sts. 1908, c. 305;
1913, c. 324, and whether such service was upon one who then was an occupant
of the premises, is conflicting, the question is one of fact and is for the jury, and
is not one upon which the judge could make a final determination.

TORT by the administratrix of the estate of Joanna Coghlan
for causing personal injuries to and the death of the plaintiff's
intestate, who fell upon the sidewalk in front of premises owned
by the defendants on West Seventh Street in that part of Boston
known as South Boston.   Writ dated April 23, 1917.

In the Superior Court the action was tried before *Quinn*, J.
Material evidence and the sole question raised by the exceptions
are described in the opinion.   By order of the judge, the jury
found for the defendants; and the plaintiff alleged exceptions.

St. 1908, c. 305, as amended by St. 1913, c. 324, reads as fol-
lows: "The provisions of sections twenty, twenty-one and twenty-
two of chapter fifty-one of the Revised Laws, in so far as they
relate to notices on injuries resulting from snow or ice, shall
apply to actions against persons or corporations founded upon
the defective condition of the premises of such persons or cor-
porations, or of an adjoining way, whenever such defective con-
dition is caused by, or consists in part of, snow or ice.   Leaving

the notice with the occupant of said premises, or, in case there is no occupant, posting the same in a conspicuous place thereon, shall be a sufficient compliance with the foregoing provisions: provided, however, that notice within thirty days after the injury shall be sufficient; and if by reason of physical or mental incapacity it is impossible for the injured person to give the notice within thirty days after the injury, he may give it within thirty days after such incapacity has been removed, and in case of his death without having been for thirty days at any time after his injury of sufficient capacity to give the notice, his executor or administrator may give the notice within thirty days after his appointment. No notice shall be held to be invalid by reason of any inaccuracy or misstatement of the owner's name if it appears that the same was made in good faith and did not prevent or unreasonably delay the owner from receiving actual notice of the injury and of the claim that it occurred from a defective condition of his premises."

*J. J. McCarthy,* for the plaintiff.

*H. A. Leventhal,* for the defendants.

Rugg, C. J. This is an action of tort to recover damages for the conscious suffering and death of the plaintiff's intestate caused by slipping upon ice accumulated upon the sidewalk by reason of a leaking and defective spout on an adjacent building belonging to the defendants. As a condition precedent to the right of recovery it was incumbent upon the plaintiff to show that written notice seasonably was given as required by law. *Merrill v. Paige,* 229 Mass. 511, 513. It is provided by St. 1908, c. 305, that "Leaving the notice with the occupant of said premises" (that is, premises adjoining the way on which ice has been accumulated wrongfully), shall be a sufficient compliance with the law. To prove that this requirement of the statute had been met, a constable, called as a witness by the plaintiff, testified that he served a notice upon one of the occupants of the building on which was the defective spout whereby the ice accumulated causing the injury. The notice was sufficient in form. *Stefani v. Freshman,* 232 Mass. 354. The return of the constable, indorsed on the notice and signed by him, was in these words: "Suffolk, ss. April 21, 1917. I this day served a notice, of which the within is a true copy, by leaving the same with

John Flaherty, the occupant of Suite 2 of the dwelling house
No. 54 West Seventh Street, South Boston." The defendants
objected to the introduction of this copy and return on the
ground that there was no evidence to show that Flaherty was an
occupant of the building. Cross-examination of the constable
followed. Without narrating it in detail, it is enough to say that
he made conflicting statements, the import of some parts being
that Flaherty was then living there and of other parts that he
had no knowledge on the subject. Later the person in charge of
the premises for the owners and Flaherty were called as wit-
nesses, and both testified that Flaherty was an occupant of the
suite upon the second floor of the premises in question, in which
there were three suites or apartments. Flaherty and the agent
each testified that no notice whatever was served on him by
the constable or any one else, and that he received no notice in
writing. The judge finally excluded the notice and then as a
necessary consequence of that ruling ordered a verdict for the
defendant. The only question presented is whether there was
error of law in the exclusion of the notice.

Manifestly it was a question of fact whether the notice was
served as required by the statute. The admissibility in evidence
of the notice depended upon the point whether it had been so
served. It is contended that that was a preliminary question of
fact which must be determined by the judge and that his decision
is conclusive. There is a large class of cases where the admissi-
bility of evidence depends upon some preliminary finding by the
judge which is final and cannot be reviewed. That principle
finds numerous illustrations in our decisions. In *Gorton* v. *Had-
sell*, 9 Cush. 508, the admissibility of certain records depended
upon the question whether a written application to a justice of
the peace to call a meeting had been signed by five proprietors of
a meeting-house. Evidence tending to prove that proposition
was introduced, but the judge refused to submit it to the jury
because he was of opinion that it was his duty to determine the
sufficiency of the evidence as a preliminary matter and he was
not satisfied that such proprietorship was shown. In reviewing
this ruling it was said at page 511: "it is the province of the
judge, who presides at the trial, to decide all questions on the
admissibility of evidence. It is also his province to decide any

preliminary questions of fact, however intricate, the solution of which may be necessary to enable him to determine the other question of admissibility. . . . And his decision is conclusive, unless he saves the question for revision by the full court, on a report of the evidence, or counsel bring up the question on a bill of exceptions which contains a statement of the evidence." When the case is presented to this court on exceptions, the question is purely one of law and the findings are conclusive unless the excepting party establishes that they were based on an erroneous view of the law. *Boston Safe Deposit & Trust Co.* v. *Bacon*, 229 Mass. 585, 588. *Commonwealth* v. *Bishop*, 165 Mass. 148, 152. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 3. The duty of weighing evidence and of finding facts in actions at law is not an appropriate function of a court of last resort. *Atlantic Maritime Co.* v. *Gloucester*, 228 Mass. 519, 522. That principle has been applied to the determination by the trial judge of the interest of a witness, *Dole* v. *Thurlow*, 12 Met. 157; of the voluntary nature of confessions, *Commonwealth* v. *Russ*, 232 Mass. 58, pages 69 to 71, and cases there collected; of the existence of agency as the basis for the admission of a conversation by a witness as binding on a party, *Dexter* v. *Thayer*, 189 Mass. 114; of the fact of authority by an alleged agent to write a letter offered as binding a party, *Hathaway* v. *Congregation Ohab Shalom*, 216 Mass. 539, 544; of the authenticity of rules of a corporation, *Dixon* v. *New England Railroad*, 179 Mass. 242, 246; of the point whether oral statements· are part of one conversation, *Commonwealth* v. *Russell*, 160 Mass. 8; of the point whether declarations were made with the consciousness and in view of impending death, *Commonwealth* v. *Reagan*, 175 Mass. 335, 337, *Commonwealth* v. *Turner*, 224 Mass. 229, 235, *State* v. *Monich*, 74 Vroom, 522, 526; of the question, whether a declaration by a deceased person, offered in evidence under R. L. c. 175, § 66, was made in good faith before the commencement of the action and upon the personal knowledge of the declarant, *McSweeney* v. *Edison Electric Illuminating Co.* 228 Mass. 563, *Slotofski* v. *Boston Elevated Railway*, 215 Mass. 318, 320, *Bodfish* v. *Cross*, 235 Mass. 428; of the competency of a witness to understand the nature of an oath, *Commonwealth* v. *Marshall*, 211 Mass. 86, 90, *Commonwealth* v. *Teregno*, 234 Mass. 56; of the identity

of handwriting as a standard for comparison, *Commonwealth* v. *Tucker*, 189 Mass. 457, 474; of the qualification of a witness as an expert, *Commonwealth* v. *Spencer*, 212 Mass. 438, 448, *Nunes* v. *Perry*, 113 Mass. 274; of the relevancy of experiments, *Baker* v. *Harrington*, 196 Mass. 339, 341, and of the instructiveness and pertinency of photographs, *Wilcox* v. *Forbes*, 173 Mass. 63, *Field* v. *Gowdy*, 199 Mass. 568, 574. In *Gila Valley, Globe & Northern Railway* v. *Hall*, 232 U. S. 94, at page 103, the question arose whether the plaintiff received notice of a defective wheel and hence assumed risk of the injury which he subsequently received. Whether he did receive such notice depended upon the further question whether he heard a conversation which occurred within twenty yards of him. The trial judge excluded evidence of the conversation on the ground that he was not satisfied that the plaintiff heard it. It there was said, with ample citation of authorities, "Questions of the admissibility of evidence are for the determination of the court; and this is so whether its admission depend upon matter of law or upon matter of fact. And the finding of the trial judge upon such a preliminary question of fact is not subject to be reversed on appeal or error if it be fairly supported by the evidence." See also *Commonwealth* v. *Robinson*, 146 Mass. 571, 580–584; *Walker* v. *Curtis*, 116 Mass. 98; *O'Connor* v. *Hallinan*, 103 Mass. 547; Wigmore on Evidence, § 2550.

On the other hand cases arise where it appears that the decision of the judge on such a preliminary question is erroneous in law and must be reversed. *Muskeget Island Club* v. *Nantucket*, 185 Mass. 303. *Foster* v. *Mackay*, 7 Met. 531, 538. *Ames* v. *New York, New Haven, & Hartford Railroad*, 221 Mass. 304, 306.

The return of the officer in the case at bar concerning the service of the notice was *prima facie* evidence of the facts therein stated. R. L. c. 25, § 91. *Whitney* v. *Lowell*, 151 Mass. 212. *Prima facie* evidence means evidence which standing alone and unexplained maintains the proposition and warrants "the conclusion to support which it is introduced." *Emmons* v. *Westfield Bank*, 97 Mass. 230, 243. *Chandler* v. *Prince*, 217 Mass. 451, 454. It is not conclusive. It may be met and overcome by other evidence.

Whether the notice here in question had been given or not depended in its last analysis on the point whether the return of

the constable or the testimony of Flaherty was true. Whether the *prima facie* effect of the return of the constable was over-come by other evidence was a question of fact upon a vital issue between the parties. Under the circumstances it presented a matter for the jury on which the judge could not make a final determination. *Turner* v. *Williams*, 202 Mass. 500, 505. *Marston* v. *Bigelow*, 150 Mass. 45, 53. *Boyden* v. *Lamb*, 152 Mass. 416, 420.

*Exceptions sustained.*