PETER MAHONEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   December 2, 1929. — May 26, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Exceptions, Requests, ruling and instructions, Charge to jury.  *Negligence,* Street railway, Motor vehicle, Contributory, In use of way.  *Law of the Road.  Evidence,* Presumptions and burden of proof.

At the trial of an action of tort against a street railway company for personal injuries resulting from a collision between an automobile driven by the plaintiff and a street car of the defendant, there was evidence, which was controverted, that the plaintiff, driving on a public way toward the street car, saw it about three hundred feet away, desired to cross the street car tracks to enter an unaccepted street at the left, believed that he had time to cross and that the motorman to avoid a collision would slacken its speed as the car neared the intersection of the ways, and turned upon the track ahead of the street car; that the motorman, although there was nothing to obstruct his view of the automobile, allowed the street car to continue along a down grade at thirty-five miles per hour and did not check its speed until too late to prevent the collision.  Subject to an exception by the defendant, the judge denied a motion that a verdict be ordered in its favor.  There was a verdict for the plaintiff.  *Held,* that

(1) The evidence did not require a finding that the plaintiff was guilty of contributory negligence;

(2) The evidence warranted a finding that the motorman was negligent;

(3) The motion properly was denied.

Requests at a trial for rulings, the granting of which would require the judge to charge with reference to selected facts or to direct findings upon conflicting evidence, properly may be denied.

The measure of care required of one driving an automobile on a public way and intending to turn from the public way across street railway tracks into an intersecting way is not different, merely because the intersecting way is unaccepted as a public way, from what it would be if such way were an accepted public way.

Although a party at the trial of an action has not made a request for a ruling at the close of the evidence upon a certain question of law respecting an issue raised by the evidence, if the judge in his charge incorrectly states the law on such issue, that party may call the matter to the judge's attention, and, if the error is not corrected, may save exception which should be sustained if the error is prejudicial.

It is established law that the presumption of due care created by the statute, now G. L. c. 231, § 85, is not evidence, and that it ceases to be of force when evidence of the actual conduct of the plaintiff is introduced; and a defendant is entitled to have the judge clearly so state at the trial of an action where, upon conflicting evidence, the issue was raised, whether the plaintiff in a collision on a public way was in the exercise of due care.

The record, on exceptions by a defendant to portions of the charge of the judge upon the subject above described, showed that those portions covered many printed pages of the printed record; and it was *held,* that the defendant was entitled to have the application of the principle in question plainly stated and clearly emphasized, and that, by reason of the language of the charge, the jurors could not have appreciated its importance or application; and an exception by the defendant on that ground was sustained.

The charge in the action above described also was *held* not to have been clear in dealing with the matter of the rights of drivers approaching an intersection of ways at approximately the same instant; and an exception by the defendant was sustained on that ground also.

Tort.  Writ dated December 16, 1926.

In the Superior Court, the action was tried before *Macleod,* J.  The plaintiff testified that, before turning to cross the defendant's tracks, he saw the street car approaching one hundred yards distant.  Other material evidence is stated in the opinion.  The judge denied a motion that a verdict be ordered in the defendant's favor.  The record states that the defendant asked for the following rulings:

"2.  The jury must find that the plaintiff was not in the exercise of due care.

"3.  If the jury find that the accident happened at a point south of the southerly corner of Wyvern Street and Hyde Park Avenue the plaintiff cannot recover.

"4.  The defendant was on the right of the plaintiff approaching the intersecting way, and thus had the right of way which the plaintiff was bound to comply with.

"5.  There is no evidence that the plaintiff did anything to protect himself after he discovered that the defendant's

car was approaching, as he says, at a high rate of speed, and he cannot therefore recover."

"7. G. L. c. 89, § 8, is applicable to the case at bar."

"14. The automobile of the plaintiff and the street car of the defendant company approached the intersection of Wyvern Street and Hyde Park Avenue at approximately the same instant."

"16. If the jury should find that the plaintiff drove his automobile on to the left of the center of the way as he proceeded along Hyde Park Avenue and as a result collided with the street car of the defendant company, he cannot recover.

"17. If the plaintiff drove his automobile to the left of the center of the way on Hyde Park Avenue as he approached the street car of the defendant company, there is a presumption that he was driving negligently, which places a burden upon him to justify his position in the highway."

"21. If the jury should find that the plaintiff was making a turn into an unaccepted street in the path of the oncoming street car, there was a duty upon him to use a greater degree of care than if he were making a turn into a public way accepted by the city of Boston as such."

"23. In view of the fact that the plaintiff, on his own story, was making a left hand turn into an unaccepted street and crossing directly in the path of an oncoming street car he was guilty of contributory negligence and cannot recover."

The judge's charge and exceptions by the defendant thereto are described in the opinion.

There was a verdict for the plaintiff in the sum of $14,000, of which, by order of court, the plaintiff remitted all but $9,000. The defendant alleged exceptions.

*E. A. McLaughlin, Jr.*, for the defendant.

*N. Fink*, for the plaintiff.

WAIT, J. The plaintiff was injured at or near the intersection of Hyde Park Avenue, in Boston, and Wyvern Street, an unaccepted way open to and used by the public, in a collision between the sedan which he was driving and an electric street car of the defendant. There was no error

in refusing to direct a verdict for the defendant. There was evidence which, taken most strongly for the plaintiff, would support findings that the plaintiff, knowing that the car was approaching rapidly upon the inbound track but justifiably believing that he had time to cross before it and that the motorman to avoid a collision would slacken its speed as the car neared the intersection of the ways, turned from a position near the outbound track to his left and drove across the tracks in order to enter Wyvern Street; while the motorman, although there was nothing to obstruct his view of the sedan, which was seen when three hundred feet away by a passenger in the car to be turning as if to drive into Wyvern Street, allowed his car to keep on along a down grade at thirty-five miles per hour and did not check its speed until too late to prevent the collision. The evidence relating to the conduct of the plaintiff and to the exact place of collision with respect to the intersection of the ways was contradictory, so that other findings of fact were possible and justifiable. The trial judge, however, for the purpose of ruling on the motion to direct a verdict for the defendant was bound to accept as true the evidence for the plaintiff in its most favorable aspect, *Shea* v. *American Hide & Leather Co.* 221 Mass. 282, *Margeson* v. *Town Taxi, Inc.* 266 Mass. 192, 194, and could not grant the motion unless there was evidence, binding upon the plaintiff, which, as matter of law, established either lack of due care of the plaintiff or the absence of negligence of the defendant contributing to the accident. No such controlling evidence appeared. On the contrary the findings first stated would justify a further finding of negligence by the motorman, and would negative lack of due care of the plaintiff.

The defendant does not press its exceptions to the rulings on evidence; but contends that its exceptions to the refusal of the trial judge to rule as requested and to portions of his charge should be sustained. We find no reversible error in the refusal to give the desired requests. The defendant was not entitled to have the judge charge with reference to selected facts, *Ferris* v. *Ray Taxi Service Co.* 259 Mass. 401;

nor to direct findings upon contradictory evidence, *Neelon* v. *Hirsh & Renner, Inc.* 255 Mass. 285; *Barrett* v. *Checker Taxi Co.* 263 Mass. 252, 255; nor do we know of any law that establishes a different measure of care for a turn into an unaccepted way from that applicable to a turn into an accepted way.

The exceptions to the charge present more troublesome questions. The charge was very long, apparently without necessity in view of the simple issues of law and of fact to be discussed. It was not clear-cut; nor was it wholly consistent. A juror would be likely to err by remembering a partial statement and neglecting a somewhat distant qualification; or by fixing in mind one qualifying word and failing to note another which had a different connotation. The defendant contends that there was error in the instructions given with regard to the presumption of due care of the plaintiff created by G. L. c. 231, § 85; to the law respecting the right of way laid down by G. L. c. 89, § 8; and in omitting reference to the requirements of G. L. c. 90, § 14, that the operator of a motor vehicle on any highway approaching a crossing of ways shall slow down and keep to the right of the intersection of the centers of both ways before turning to the left. The bill of exceptions does not show that any request for instructions was made with regard to G. L. c. 90, § 14, or to G. L. c. 231, § 85, before the beginning of the charge. Accordingly the defendant would have had no good exception had nothing been said about them in the charge. Rule 44 of the Superior Court (1923). Nevertheless, it properly could except to language used in the charge, if it wished to challenge the rule there stated.

The defendant argues that the charge permitted the jurors to understand that the presumption of due care created by the statute, now G. L. c. 231, § 85, was, of itself, evidence of due care of the plaintiff which continued to remain in force throughout the trial and was to be weighed with the other evidence in deciding whether he exercised due care. It is settled law that this statutory presumption is not evidence; and that it ceases to be of force when

evidence of the actual conduct of the plaintiff is introduced. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370. *Bagnell* v. *Boston Elevated Railway,* 247 Mass. 235. *Wilmur Motors, Inc.* v. *Eastern Massachusetts Street Railway, ante,* 31. The defendant was entitled to a clear statement of this law. The colloquy between the presiding judge and counsel set out in the bill of exceptions shows that the judge considered that he had instructed the jury that the presumption disappeared when evidence was introduced, while counsel thought that he had not. The judge was right in declaring that he had in substance so stated. The counsel were justified in believing that the statement was not sufficient to guide the jury. The language of the charge with reference to due care covers many printed pages of the bill of exceptions; and the few words with reference to this presumption must be culled from this mass. We do not believe the jurors could appreciate the importance or the application of the principle which the defendant was entitled to have plainly stated and clearly emphasized. We think the judge was wrong in believing that he had made a clear and adequate statement of the law. He was in error in refusing to change what he had said when his attention was called to it. Here the jurors were told that the "presumption would disappear if you had the facts relating to his conduct during this period fully before you in the evidence"; and they might, if they recalled these words, possibly think that if there were anything in his conduct which did not appear, then they could disregard the evidence of conduct, and rest on the presumption. The defendant was entitled to protection from such an erroneous assumption.

The charge, furthermore, was not clear in dealing with the matter of the rights of drivers approaching an intersection of ways at approximately the same instant. The judge was right in charging that the rectangular space included between the street lines, and not the point where the lines of motion of the vehicles cut one another within that space, was the "intersection" referred to by the statute, *Fournier* v. *Zinn,* 257 Mass. 575; and that, in decid-

ing whether the plaintiff's conduct was proper, the jurors must consider all the existing conditions. *Cannon* v. *Bassett,* 264 Mass. 383. He was right, too, in stating that whether the vehicles would reach the intersection at approximately the same time was a question of fact for a jury's decision. He was not bound to discuss the inferences to be drawn from an observance or nonobservance of the ·statute, G. L. c. 90, § 14, in fixing the place of the collision. *Ferris* v. *Ray Taxi Service Co.* 259 Mass. 401, 403. A party is entitled to something more than the absence of unsound statements of law in a charge; he is entitled to clear and accurate and helpful instructions on the points which it touches. This we are convinced the excepting party here did not obtain.

*Exceptions sustained.*