GEORGE H. BROWN *vs.* ALEXANDER HENDERSON.

SAME *vs.* CARRIE N. HENDERSON.

Suffolk.    March 10, 1933. — February 12, 1934.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Contributory. *Evidence,* Presumptions and burden of proof. *Practice, Civil,* Judge's charge.

In an action of tort for personal injuries or death or damage to property, the presumption of due care on the part of the person injured or killed under G. L. (Ter. Ed.) c. 231, § 85, is not evidence and is operative only in the absence of credible evidence bearing on the conduct of that person; when there is such evidence, the presumption cannot aid the plaintiff.

Where, at the trial of an action for personal injuries, there was evidence which warranted a finding that the plaintiff was guilty of contributory negligence, there was no error in the refusal of rulings requested by the defendant that there "is no presumption that the plaintiff was in the exercise of due care," and that "there is no [such] presumption" because "all the circumstances relating to the plaintiff's conduct are in evidence"; the first ruling requested was contrary to said § 85, and the second assumed as proved facts which the jury might or might not find to have been proved.

At the trial above described, the trial judge instructed the jury in substance that there was such a presumption which "fades away" upon the introduction of evidence; that "the actual evidence . . . will control"; and that, while the plaintiff was "presumed to have been in the exercise of due care, when the evidence . . . [of his conduct] comes in," it was for the jury to say, "bearing in mind, of course, all the time the presumption," whether he had exercised due care. Upon exception by the defendant, the judge further instructed the jury as follows: "A presumption is not evidence; . . . and if there is no evidence as to the due care . . . of . . . [the plaintiff], then the presumption controls. When evidence is introduced then you are to consider the evidence. If you believe the evidence the presumption disappears; but just because somebody has said something and you do not believe a word of that evidence the presumption would control." *Held,* that, although there was error in the charge as first given in that it required the jury to bear the presumption in mind all the time, nevertheless, as the matter finally was left by the trial judge, no error appeared.

TWO ACTIONS OF TORT. Writs dated February 19, 1929.

The actions were tried together in the Superior Court before *Bishop,* J. Rulings requested by the defendant and

refused, and material portions of the judge's charge to the jury, are stated in the opinion. There was a verdict for the plaintiff in each· action in the sum of $4,685. The defendants alleged exceptions.

*J. S. McCann*, for the plaintiff.

*A. S. Allen*, for the defendants.

RUGG, C.J. These are actions of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff, while a pedestrian crossing a street in Boston, through being struck because of the negligence of the female defendant (hereafter called the defendant) in operating an automobile owned by the other defendant. The plaintiff, the defendant and one other witness testified in considerable detail as to the circumstances of the accident. In some respects there was irreconcilable conflict between the testimony of the defendant and that of the other two eyewitnesses. There was evidence sufficient to support a finding of negligence of the operator of the automobile and of contributory negligence of the plaintiff. The cases were submitted to the jury and resulted in verdicts for the plaintiff. At the close of the evidence the defendants requested these instructions: "(2) There is no presumption that the plaintiff was in the exercise of due care. (3) Since all of the circumstances relating to the plaintiff's conduct are in evidence, there is no presumption that he was in the exercise of due care." These requests were not granted. The instructions, so far as material to these exceptions, were in these words: "There is a presumption that every person is in the exercise of due care . . . . When evidence is introduced . . . then the presumption fades away and the actual evidence . . . will control. . . . While Mr. Brown is presumed to have been in the exercise of due care, when the evidence comes in as to what he was doing, whether he was doing what a reasonably prudent person would do in crossing a thoroughfare which is travelled to the extent which this is, then it is for you to say, bearing in mind, of course, all the time the presumption, whether those facts show that he was not in the exercise of due care, and if he was not in the exercise of due care in

whatever he did . . . then he cannot recover . . . . And if he was in the slightest degree careless, negligent, no matter what his injuries may have been, no matter how negligent the person who struck or hit him or did other injury to him may have been, he cannot recover. . . . But the burden of showing that he was not in the exercise of due care rests upon the defendant; whereas, the burden of showing negligence on the part of the defendant rests upon and is with the plaintiff." Counsel for the defendant then excepted to the portion of the charge to the effect that the jurors "were to bear the presumption in mind all the time, also that the presumption does not disappear until overcome by evidence." Thereupon the trial judge said: "I will instruct you on presumption again. A presumption is not evidence; it is merely a rule in reference to evidence; and if there is no evidence as to the due care in this case of Mr. Brown, then the presumption controls. When evidence is introduced then you are to consider the evidence. If you believe the evidence the presumption disappears; but just because somebody has said something and you do not believe a word of that evidence the presumption would control." The defendants saved exceptions to "that last" and to the refusal to give their requests.

It is provided by G. L. (Ter. Ed.) c. 231, § 85, that "In all actions, civil or criminal, to recover damages for injuries to the person or property or for causing the death of a person, the person injured or killed shall be presumed to have been in the exercise of due care, and contributory negligence on his part shall be an affirmative defence to be set up in the answer and proved by the defendant." This section, which originated in St. 1914, c. 553, made an important change in our law. This section joins two distinct propositions or rules of practice to be observed in the trial of the specified classes of actions. The first part creates a presumption of due care on the part of the person injured or killed. The second part makes the contributory negligence of such person an affirmative defence to be pleaded and proved. Both these propositions were new in the law of this Commonwealth. It was said respect-

ing this statute in *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 378: "The presumption of due care created by the statute is not itself evidence. It is a simple rule to which resort is had when there is a failure of evidence. A presumption ordinarily is not evidence, but is a rule about evidence. . . . 'Presumptions . . . are never allowed against ascertained and established facts. When these appear, presumptions disappear.' *Lincoln* v. *French*, 105 U. S. 614, 617. The presumption of the present statute is merely like numerous other presumptions. It stands only until the facts are shown." This statute is a highly important provision. It enables a plaintiff to make out a case sufficient to permit him to go to the jury by proving injury and damage due to the negligence of the defendant. It changed the preëxisting law of this Commonwealth whereby, in addition to the factors just enumerated, a plaintiff was obliged also to prove due care on his own part in order to make out his case. The statute contains no provision as to when the presumption shall cease to be operative. It is a rebuttable presumption. Since, however, the statute creates merely a presumption and not evidence, such presumption can in the nature of things continue only while credible evidence of the facts is lacking. The presumption cannot be combined with the evidence to carry a plaintiff to the jury. If contributory negligence is proved by the evidence, the plaintiff must fail. When the facts are shown and are lacking in elements essential to the plaintiff's right of recovery, the presumption cannot be invoked. *Bagnell* v. *Boston Elevated Railway*, 247 Mass. 235, 238. *Ferris* v. *Ray Taxi Service Co.* 259 Mass. 401. *Austin* v. *Eastern Massachusetts Street Railway*, 269 Mass. 420, 424. *Mahoney* v. *Boston Elevated Railway*, 271 Mass. 274. *Renwick* v. *Eastern Massachusetts Street Railway*, 275 Mass. 145. *Hughes* v. *Iandoli*, 278 Mass. 530, 535.

The requests for rulings were denied rightly. The first was directly contrary to the terms of the quoted statute. The second assumed as true facts which might or might not be proved. There was error in the charge as first given in that it required the presumption to be carried in mind

all the time. *Bagnell* v. *Boston Elevated Railway*, 247 Mass. 235, 238. That was withdrawn. The sentences substituted were not erroneous; they required the jury to consider the evidence and to give weight to it only so far as found to be true. The charge as to the burden of proof was right. *O'Connor* v. *Hickey*, 268 Mass. 454.

*Exceptions overruled.*

Justice Lummus concurs in the result, but on a simple ground which can be stated briefly. A presumption is a rule of law which compels the conclusion that a fact exists, in the absence of some required quantity of evidence or degree of proof to the contrary. It is impossible to weigh a rule of law, or to attribute to it persuasive force as evidence of a fact. Therefore the opinion states what is now settled law in rejecting the theory that a presumption is evidence. Upon any other theory of presumptions that to his knowledge has ever been advanced, a presumption can have no greater effect than to control unless rebutted by proof to the contrary. Except for the presumption of legitimacy, most authorities give a presumption less effect. When the statute cast upon the defendant the burden of proving by a preponderance of the evidence contributory negligence on the part of the plaintiff, it did everything for the plaintiff that a presumption of his due care could do, and according to most authorities on the subject of presumptions it did more. The statutory presumption of due care, therefore, is wholly overshadowed by that burden of proof, and can have no practical effect. If it never had been created, or should be abolished, neither party would be a whit the better or the worse. The statutory presumption of due care is like a handkerchief thrown over something covered by a blanket also. *Lisbon* v. *Lyman*, 49 N. H. 553, 563. *Board of Water Commissioners* v. *Robbins*, 82 Conn. 623, 640. For this reason, if the burden of proof is correctly stated to the jury, there can be no reversible error in dealing with the presumption of due care, whether the judge adopts what seems the better course of refusing to mention it at all, or, as the judge did in this

case, indulges in what must needs be an academic discussion of its theoretical operation; and this, no matter whether that discussion conforms to the true theory of presumptions or not. Since the simple ground which has been stated requires the overruling of these exceptions, and we are dealing with a so called presumption which has no operative effect and only a verbal or theoretical existence, a discussion of the working of genuine presumptions would be superfluous.