RHODA S. PERRY & another *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Norfolk. December 3, 1947. — January 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Practice Civil*, Requests, rulings and instructions; Charge to jury; Exceptions: general exception. *Evidence*, Relevancy and materiality, Presumptions and burden of proof. *Words*, "Presumed."

The judge presiding at the trial of an action for negligence, having given the jury adequate general instructions, was not required to instruct them as to whether or not any particular act or omission of the defendant by itself would constitute negligence.

A general exception to an entire charge to the jury "as being in effect and in essence a charge on the facts" could not be sustained.

A recital of certain evidence in a charge to the jury, without any expression of the judge's opinion of the facts and with a caution to them to rely on their own, not on his, recollection of the testimony, was proper under G. L. (Ter. Ed.) c. 231, § 81.

In an action for personal injuries sustained when the plaintiff, a woman, was struck by a street car, a question to her as to whether she had a quarrel at home on the afternoon of the accident was admissible in support of evidence for the defendant that there had been such a quarrel and that she had admitted attempting "to end it all."

The trial judge at the trial of an action subject to G. L. (Ter. Ed.) c. 231, § 85, was not in error in failing to charge the jury, even though specifically requested so to do, that the plaintiff was presumed to have been in the exercise of due care where he did charge them that the burden was on the defendant to prove negligence of the plaintiff.

TORT. Writ in the Superior Court dated September 7, 1945.

The action was tried before *Donahue, J.*

*M. Michelson*, for the plaintiffs, submitted a brief.

*S. P. Sears*, for the defendant.

LUMMUS, J.  This is an action of tort by a wife for personal injuries caused by the alleged negligent operation of an electric street car by the defendant, with a count under G. L. (Ter. Ed.) c. 231, § 6A (St. 1939, c. 372, § 1), in which her husband claims consequential damages.  *Clouatre v. Lees*, 321 Mass. 679.  The jury returned verdicts for the defendant, and the case comes here primarily on the exceptions of the plaintiffs.

The electric car, on April 3, 1944, was travelling from the Reservoir in Brookline toward Lechmere Square in East Cambridge.  At the time of the accident it had not reached Coolidge Corner in Brookline.  As the car approached her, the female plaintiff (hereinafter called simply the plaintiff) was standing four or five feet to the right of the track, on a crosswalk or "crossover."  Evidence for the defendant was that she suddenly stepped upon the track in front of the car.  The plaintiff testified that she formed the opinion that she could safely cross the track, and almost got across before she was hit.

The plaintiffs excepted to the failure of the judge to give the following requested ruling: "The jury may find that there was negligence on the part of the defendant's motorman if he did not see the plaintiff Rhoda S. Perry as soon as he should have seen her, or if he did not try to stop the car to avoid a collision."  The judge in his charge did say the following: "If you are crossing . . . a street car track . . . you would have some right to rely upon the operator of a . . . street car, to rely upon his slowing down as he approached you, to give you an opportunity to get over the track in safety, and you would have a right to rely upon his seeing you."  Having instructed the jury generally upon the rights of the plaintiff and the defendant, the judge was not required to deal with specific forms or kinds of negligence.  *Mahoney v. Boston Elevated Railway*, 271 Mass. 274. *Barnes v. Berkshire Street Railway*, 281 Mass. 47.  *Gregory v. Maine Central Railroad*, 317 Mass. 636, 641.

Other instructions requested by the plaintiffs that were not given, and in regard to which they excepted, were the following: "The plaintiff Rhoda S. Perry had an equal right with the defendant to use the part of Beacon Street where the crossover was," and. "The use by the defendant of the crossover was not exclusive." In his charge the judge assumed that Rhoda S. Perry had a right to be where she was. He said, "any person operating a street car ought to operate it at such a rate of speed approaching a crosswalk or an intersecting road that any vehicle or person crossing through there would not be hit, provided that the operator of the vehicle or the person on foot was using due care herself or himself." We think that the jury could not have believed that the female plaintiff did not have the rights stated in the requested instructions. We find no error in this respect. Another instruction requested by the plaintiffs was as follows: "The plaintiff Rhoda S. Perry had a right to assume that the motorman, in passing down the grade, would remember and recognize the use of the crossover by travellers and would exercise reasonable care to avoid running her down." This requested instruction, too, was given in substance. The judge said that one crossing a street car track has "some right to rely upon the operator . . . of a street car, to rely upon his" seeing him and slowing down.

The plaintiffs excepted to the entire charge "as being in effect and in essence a charge on the facts." It is settled that a general exception to the entire charge cannot be sustained. *Commonwealth* v. *Taschetta,* 252 Mass. 158, 160. *Callahan* v. *Fleischman Co.* 262 Mass. 437, 438. *Mitchell* v. *Lynn Fire & Police Notification Co. Inc.* 292 Mass. 165, 168. *Mansell* v. *Larsen,* 311 Mass. 607, 613.

The plaintiffs excepted to the recital of certain evidence in the charge. The judge told the jury to "pay no attention to anything that you determine I haven't quoted correctly," that "My impression doesn't count," and that the jury should "rely upon your [their] own recollection of the testimony." General Laws (Ter. Ed.) c. 231, § 81, permits a judge to "state the testimony." *Plummer* v.

*Boston Elevated Railway,* 198 Mass. 499, 514, 515. There was no expression of opinion upon the facts.

The plaintiffs excepted to the admission of a question to the plaintiff Rhoda S. Perry, as to whether she had a quarrel at home on the afternoon of the accident. She answered "Yes." There was evidence for the defendant that there had been such a quarrel, and that Rhoda S. Perry had admitted that she had "attempted to end it all." There was no error in the admission of the question to which exception was taken.

General Laws (Ter. Ed.) c. 231, § 85, which originated in St. 1914, c. 553, provides that in actions like the present the person injured "shall be presumed to have been in the exercise of due care, and contributory negligence on his part shall be an affirmative defence to be set up in the answer and proved by the defendant." The judge instructed the jury that "the burden of proving negligence on the part of a plaintiff is upon the defendant." The plaintiffs excepted to the failure of the judge, though requested, to tell them that "the plaintiff is presumed to be in the exercise of due care."

The statute did not change the substantive law of negligence in any respect, but simply affected procedure and the burden of. proof. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 377. *Levy* v. *Steiger,* 233 Mass. 600, 601. When the Legislature used the technical word "presumed" in the statute, it had reference to a technical presumption, which is not evidence but a rule about evidence. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 378. *Brown* v. *Henderson,* 285 Mass. 192, 195. By G. L. (Ter. Ed.) c. 4, § 6, Third, "technical words and phrases and such others as may have acquired a peculiar and appropriate meaning in law shall be construed and understood according to such meaning." It is not necessary for us to find some practical operative effect that can be given the statutory presumption, in order to satisfy the general rule that every word of a statutory enactment is to be given effect if reasonably possible. *Commonwealth* v. *McCaughey,* 9 Gray, 296, 297. *Bolster* v. *Commissioner of Corporations & Taxation,* 319

Mass. 81, 84, 85. The word "presumed" was used in its technical sense, and in that sense it can hardly have any effect, since it is overshadowed by the change in the burden of proof made by the same statute.

When the statute cast upon the defendant the burden of proving contributory negligence of the plaintiff, it did more for the plaintiff than a mere technical presumption could do. A presumption in the technical sense can have no operative effect unless it assists the party having the burden of proof. *Epstein* v. *Boston Housing Authority*, 317 Mass. 297, 302. When the judge told the jury that the burden of proof of contributory negligence is on the defendant, he stated the whole practical effect of the statute. To attempt a discussion of the so called presumption would do the plaintiff no additional good, but would tend to complicate the charge and confuse the jury. We are referred to no decision of this court, and have found none, to the effect that a judge, having instructed the jury correctly as to the burden of proof, must go farther and discuss the statutory presumption. The concurring opinion in *Brown* v. *Henderson*, 285 Mass. 192, at page 196, seems to us to state the true effect of the statute. The judge, in our opinion, dealt with the statute not only correctly, but also wisely.

The defendant excepted to the denial of its motions for directed verdicts, but waived its exceptions in case the exceptions of the plaintiffs are overruled.

> *Defendant's exceptions dismissed.*
> *Plaintiffs' exceptions overruled.*