SUZANNE DUARTE & another *vs.* GLADYS KAVANAGH, executrix.

Bristol.    February 1, 1960. — April 4, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Negligence*, Contributory, Use of way.

On evidence at the trial of an action for personal injuries warranting a finding that, as an automobile operated by the defendant was slowly passing an automobile parked at the side of the street to his right, the plaintiff, a five year old girl, suddenly ran or stepped from in front of the parked automobile into the path of the defendant's automobile and was struck and injured by it, there was no error in refusal of an instruction to the jury requested by the plaintiff in effect that they could not find contributory negligence on her part.

TORT.    Writ in the First District Court of Bristol dated February 9, 1956.

Upon removal to the Superior Court the action was tried before *Callan*, J., a District Court judge sitting under statutory authority.    There were verdicts for the defendant, and the plaintiffs alleged exceptions.

*Francis D. Mone*, for the plaintiffs.

*William J. Fenton*, for the defendant.

WILLIAMS, J.    This is an action of tort by a five year old child, hereinafter referred to as the plaintiff, and by her father to recover respectively for personal injury and consequential damage resulting from the plaintiff being struck by

an automobile operated by the defendant's testator, hereinafter called the defendant.

There was evidence that at about noon on June 19, 1955, the defendant was driving easterly on Purchase Street, Taunton, a public way, twenty-five to thirty feet in width. He stopped at an intersecting street to allow north and southbound traffic to pass and then proceeded on Purchase Street at a speed of ten to fifteen miles per hour. He passed an automobile which was parked at a curb on his right about twenty-five feet east of the intersection, and when the front of his automobile was three or four feet beyond the parked automobile heard his wife, who was sitting on his right, scream. He stopped within a car's length and saw the plaintiff lying in the street about ten feet to the rear of his automobile. He had not seen her before. His wife had screamed because on passing the parked automobile on a course about three or four feet to its left she had suddenly seen the child "who appeared to be falling away from the right front side of the vehicle in which she was riding." When first seen, the child "was about two to three feet back of the right front mudguard about over the center of the right front wheel."

The plaintiffs excepted to the refusal of the judge to instruct the jury that "[t]here being no evidence introduced as to the conduct of the minor plaintiff at the time of and immediately prior to the happening of the accident then, as a matter of law . . . [she] is presumed to be in the exercise of due care and the jury cannot find otherwise." There were verdicts for the defendant. The defendant has died since the trial and the executrix of his estate has been substituted as a party.

If the requested instruction had been given it would have amounted to a ruling that there was no evidence of contributory negligence on the part of the plaintiff. It could have been found that the child suddenly ran or stepped into the path of the defendant's automobile from in front of the one which was parked. This was sufficient evidence of con-

tributory negligence to satisfy the defendant's burden of proof. The judge adequately charged the jury on the presumption of due care and the standard by which the care of a child of the plaintiff's age should be judged. He was not required to discuss further the statutory presumption. G. L. c. 231, § 85. See *O'Connor* v. *Hickey,* 268 Mass. 454, 461; *Wanamaker* v. *Shaw,* 294 Mass. 416, 422; *Perry* v. *Boston Elev. Ry.* 322 Mass. 206, 210.

The plaintiffs' only other exception was to the denial of a motion for a new trial on the grounds that the verdicts were against the law and the evidence. The denial was discretionary with the judge and presents no question of law.

*Exceptions overruled.*