JOSEPH J. RICCIUTTI *vs.* SYLVANIA ELECTRIC PRODUCTS
INC.

Middlesex.     October 2, 1961. — December 18, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Negligence,* Manufacturer. *Evidence,* Admissions and confessions, Of
compromise, Business records, Relevancy and materiality, Preliminary
question, Compilation of facts. *Practice, Civil,* Requests, rulings and
instructions.

At the trial of an action against a manufacturer of fluorescent tubes for
personal injuries alleged to have been sustained through the plaintiff's
having contracted berylliosis from beryllium in the coating on the in-
side of tubes purchased by the plaintiff and used in his work, it was
proper to exclude agreements, offered by the plaintiff, made under G. L.
c. 152, § 6, for payment of workmen's compensation to employees of
the defendant who allegedly had contracted berylliosis [349]; it was
proper to admit under G. L. c. 233, § 78, testimony offered by the de-
fendant as to the beryllium content of the defendant's tubing by a wit-
ness testifying from specifications "kept in the ordinary course of busi-
ness," even if the witness did not have personal knowledge of the
beryllium content [349–350]; it was proper to allow, on the issue of the
defendant's knowledge, a question by it to its representative at a
symposium on the problem of beryllium as to whether there had been
any "definite finding" by the symposium respecting the cause of "beryl-
lium cases" [350]; it was prejudicial error to admit in evidence under
G. L. c. 233, § 79B, when offered by the defendant, a letter and attached
statement by a committee of the public health service which on their
face appeared to have been issued only to members of the defendant's
organization and could not properly be found to be within the statute,
and which contained material harmful to the plaintiff's case [350–351];
and it was proper to exclude evidence offered by the plaintiff as to the
beryllium content of the defendant's tubes prior to the time of manu-
facture of the tubes bought by the plaintiff.     [352]

In an action for personal injuries alleged to have been sustained through
the plaintiff's having contracted berylliosis from beryllium in the coating
on the inside of fluorescent tubes purchased from the defendant, the
manufacturer thereof, by the plaintiff and used in his work, it was
proper to refuse to stating an erroneous rule of law an instruction to
the jury requested by the plaintiff that "Every manufacturer is pre-
sumed to know the nature and quality of his products."     [352–353]

An exception in an action to a refusal to give a requested instruction to
the jury was overruled where the request for the instruction was not
presented until after the charge and the charge was adequate.     [353–
354]

TORT.   Writ in the Superior Court dated October 7, 1957. The action was tried before *Macaulay,* J.

*Thomas L. Mackin,* (*Paul F. Shaughnessy* with him,) for the plaintiff.

*Thomas H. Mahony,* (*George T. Padula* with him,) for the defendant.

SPIEGEL, J.   This is an action of tort for personal injuries by a self-employed "tube bender" or "glass blower" against the manufacturer of certain fluorescent tubes which were coated on the inside with a powder containing a chemical known as beryllium.   The jury returned a verdict for the defendant and the case comes here on the exceptions of the plaintiff to the admission and exclusion of evidence and to the failure of the judge to give certain requested instructions.

From 1941 to 1943, while employed by an advertising company, the plaintiff occasionally repaired and handled broken sections of neon glass tubing and did some glass blowing or tube bending.   He started his own business in 1943 making and selling neon signs, and fabricating neon tubes for the signs using equipment and coating substances which he bought.   These included coated tubes of various colors from a plant which he purchased in New Jersey. The plaintiff did not know who manufactured these tubes.

In 1944 he began to purchase additional tubing which was manufactured by the defendant.   Until the fall of 1944 he bought "nothing but Sylvania tubes" but at times thereafter he bought tubes by a company other than the defendant.

The tube bending procedures consisted of holding the part of the tube to be bent over a flame until it became malleable.   In order to keep the tube from collapsing, the plaintiff plugged one end of the tube with a cork and, placing the other end in his mouth, applied air pressure. In 1941 and 1943 the plaintiff had gotten powder in his mouth.   In 1951 he purchased material with which to coat tubing himself "with equipment which he had bought in 1948."   When he "blew tubes" that he coated himself he also got powder in his mouth.

The plaintiff claims that he contracted a disease of the lungs known as berylliosis. He testified that he began "to feel the first symptoms which began with coughing all the time" in 1952 and "later on in the year shortness of breath." On January 27, 1956, at a Dr. Levenson's office he "first learned what was wrong with himself."

1. The plaintiff sought to introduce three agreements for the payment of compensation filed with the Industrial Accident Board pursuant to G. L. c. 152, § 6 (as amended through St. 1953, c. 314, § 6). The plaintiff excepted to the exclusion of this evidence. These agreements were entered into between the defendant's insurer and claimants who allegedly contracted berylliosis while in the defendant's employ. The plaintiff offered to prove that these agreements were executed on February 10, 1949, November 11, 1949, and August 7, 1951.

There was no error in the exclusion of these records. Agreements filed with the Industrial Accident Board under G. L. c. 152, § 6, are not admissible in evidence as admissions by the defendant that it had knowledge of the dangerous propensities of beryllium. To allow them in as admissions would defeat the purpose of the statute and hinder the settlement of workmen's compensation claims. See *Gerry* v. *Worcester Consol. St. Ry.* 248 Mass. 559, 568.

Moreover, it has been held that a compromise entered into by a defendant in settlement of a claim by some person not a party to the action is inadmissible to prove the defendant's liability to the plaintiff. *Carpenter* v. *Boston & Maine R.R.* 295 Mass. 103, 106.

2. Over the objection and exception of the plaintiff Robert Gleason, the defendant's industrial hygiene engineer, was allowed to testify to the beryllium oxide content of "3500 White" tubing manufactured by the defendant in 1945. The witness testified from specifications of the defendant's engineering department which the judge found "to be kept in the ordinary course of business." The evidence was admissible under G. L. c. 233, § 78 (as amended through St. 1954, c. 442, § 1). *Sellew* v. *Tuttle's Millinery*

*Inc.* 319 Mass. 368, 371. This evidence is not open to the objection that the witness did not have personal knowledge of the beryllium content in 1945 because under this statute ". . . personal knowledge of the facts recorded on the part of the person testifying is not required." *Sellew* v. *Tuttle's Millinery Inc., supra* at 371.

3. The witness Gleason had represented the defendant at a conference on the problem of beryllium in 1947 which was attended by chemists and "medical men" as well as representatives of all the major manufacturers of fluorescent lamps. During his testimony, Gleason was asked the following question: "Now, at any time during that time was there any finding, definite finding, by that symposium conference of beryllium as the sole cause of these so called beryllium cases?" The judge allowed the question over the plaintiff's objection and exception but only "to show knowledge or lack of knowledge on the part of the defendant under a duty to use reasonable care." The question was admissible for that limited purpose. See *Callahan* v. *Boston Elev. Ry.* 215 Mass. 171, 174; *Commonwealth* v. *Britland,* 300 Mass. 492, 498.

4. Three exhibits offered by the defendant were admitted in evidence over the objection of the plaintiff and subject to his exception. The judge ruled that each of them was admissible under G. L. c. 233, § 79B (inserted by St. 1947, c. 385, § 1).[1] After admitting the exhibits in evidence the judge stated that "in admitting the last two [exhibits 5 and 6] I admit them not only on the ground stated in the [s]tatute, but also on . . . the question of duty and obligation" under the *"Carter* v. *Yardley* case."

The exhibits being admitted under the statute are evidence of "the truth of any fact" therein stated. If this evidence was inadmissible for that purpose the error would persist even though the exhibits might be admissible for

[1] "Statements of facts of general interest to persons engaged in an occupation contained in a list, register, periodical, book or other compilation, issued to the public, shall, in the discretion of the court, if the court finds that the compilation is published for the use of persons engaged in that occupation and commonly is used and relied upon by them, be admissible in civil cases as evidence of the truth of any fact so stated."

some limited purpose. Therefore, we need only to consider their admissibility under the statute.

All preliminary questions of fact on the admissibility of evidence are for the judge to decide. "That determination is conclusive if there is evidence to support it." *Fauci* v. *Mulready*, 337 Mass. 532, 540.

The record does not disclose that the judge made the findings required under § 79B of G. L. c. 233. Under such circumstances the admission of the documents implies a finding of the facts prerequisite to their admission. Such an implication is proper where nothing to the contrary appears. See *Saba* v. *Cohen*, 333 Mass. 557, 558. However, we are not precluded from examining the exhibits which are before us.

They consist of a letter (exhibit 5) written on Sylvania Electric Products Inc. letterhead, signed by R. H. Bishop, vice-president in charge of sales, which contains the following statement: "Mailed To all Wholesalers, Division Managers, Division Engrs., Field Representatives & Inside & Outside Sales Staff"; a copy of a statement by the medical advisory committee on beryllium of the division of industrial health of the public health service (exhibit 4) which originally was attached to and distributed with the letter (exhibit 5); and an engineering bulletin issued by the commercial engineering department, Sylvania Electric, Salem (exhibit 6).

The finding of the trial judge upon a preliminary question of fact is not to be reversed if it is fairly supported by the evidence. *Coghlan* v. *White*, 236 Mass. 165, 169. But, there is error where it appears from the exhibits that the necessary preliminary findings could not be made. *Ames* v. *New York, N. H. & H. R.R.* 221 Mass. 304, 306. *Coghlan* v. *White, supra.* Clearly the exhibits admitted in evidence were not issued to the public, nor were they commonly used and relied on. They were, therefore, inadmissible under the provisions of G. L. c. 233, § 79B. The admission of exhibits 4 and 5 was prejudicial since they contain statements which are harmful to the plaintiff's case.

5. The plaintiff took exception to the exclusion of evidence relating to the beryllium content of the defendant's tubing prior to the year 1943. There was no error. The plaintiff testified that he first purchased tubing manufactured by the defendant in 1944. As there was no evidence that tubing acquired by the plaintiff in 1944 or thereafter was manufactured by the defendant prior to 1943, the evidence was irrelevant.

6. The plaintiff excepted to the court's failure to give the following instruction: "Every manufacturer is presumed to know the nature and quality of his products."

The plaintiff cites three Massachusetts cases, *Thornhill* v. *Carpenter-Morton Co.* 220 Mass. 593, *Farley* v. *Edward E. Tower Co.* 271 Mass. 230, and *Carter* v. *Yardley & Co. Ltd.* 319 Mass. 92, to support the proposition that the plaintiff in an action involving the liability of a manufacturer need not prove that the manufacturer had notice of the dangerous nature of its product. The *Thornhill* and *Farley* cases, *supra,* involved injuries caused by products deemed to be "inherently dangerous." Proof of actual knowledge on the part of the manufacturer ". . . is not required where the article is so made up as to be inherently harmful." *Thornhill* v. *Carpenter-Morton Co., supra* at 597.

It is the plaintiff's contention that *Carter* v. *Yardley & Co. Ltd.,* applied the same rule to a situation involving a product not classified as inherently dangerous. The *Carter* case did away with the rule that liability for negligence could not be imposed upon a manufacturer for injuries sustained by one not in privity of contract. It did not relieve the injured party of the burden of proving that the manufacturer knew or through the exercise of reasonable care should have known that his product was dangerous.

It was stated in *Carter* v. *Yardley & Co. Ltd., supra,* 96, that "[i]n principle, a manufacturer or other person owning or controlling a thing that is dangerous in its nature or is in a dangerous condition, either to his knowledge or as a result of his want of reasonable care in manufacture or inspection, who deals with or disposes of that thing in a

way that he foresees or in the exercise of reasonable care ought to foresee will probably carry that thing into contact with some person, known or unknown, who will probably be ignorant of the danger, owes a legal duty to every such person to use reasonable care to prevent injury to him." See Restatement: Torts, § 388.

*Sylvania Elec. Prod. Inc.* v. *Barker,* 228 F. 2d 842, 848 (1st Cir.), upon which the plaintiff also relies, asserted that the Massachusetts rule ". . . seems to be that every manufacturer is presumed to know the nature and qualities of his products." The court there added, in a footnote, the following reservation: "This is certainly the rule when 'inherently dangerous' articles are involved, and we think from *Carter* v. *Yardley* . . . that in all probability it is also the rule when the articles involved are not in that category." As we have previously noted, *Carter* v. *Yardley & Co. Ltd.* did not do away with the need for proving knowledge on the part of the manufacturer and therefore the case of *Sylvania Elec. Prod. Inc.* v. *Barker, supra,* does not aid the plaintiff.

The plaintiff also cites the case of *Brown* v. *Henderson,* 285 Mass. 192, in support of his contention that the judge erred in refusing to give the requested instruction. That case referred to a statutory presumption. In the instant case there was no need for the judge to discuss presumptions in his charge to the jury. However, he briefly and correctly stated the rule of law regarding presumptions but also said "[it] is of no importance in this case." (For a discussion of presumption see the concurring opinion in *Brown* v. *Henderson, supra,* 196, and *Perry* v. *Boston Elev. Ry.* 322 Mass. 206, 209.)

The plaintiff's requested instruction stated an erroneous rule of law and was properly refused.

7. The plaintiff excepted to the judge's refusal to instruct the jury that "the defendant had a duty to warn people who would probably be exposed to the dangerous product as soon as it acquired notice of the danger, even if at the time of manufacture or at the time that it sold the product it did not know that it was dangerous."

The request to give this instruction was made after the judge had charged the jury. Rule 71 of the Superior Court (1954) requires that the requests for instructions or rulings be made in writing before the closing arguments ". . . unless special leave is given to present requests later." It does not appear that such special leave was given. However, notwithstanding Rule 71 a party is entitled to an adequate charge on the controlling issues of a case. "[W]here attention is properly directed to the omission and it is not remedied, an exception may be sustained if necessary to render substantial justice." *Mahoney* v. *Gooch,* 246 Mass. 567, 571. *Decoteau* v. *Truedsson,* 339 Mass. 759, 762–763. In the case before us the judge's charge to the jury on the issue of the defendant's duty to the plaintiff was adequate. See *Mahoney* v. *Gooch, supra; Finn* v. *Peters,* 340 Mass. 622, 625–626.

8. As there was error in the admission of exhibits 4 and 5, there must be a new trial.

*Exceptions sustained.*