LINDA BEAUCHESNE & another *vs.* THE COLEMAN Co., INC.

Middlesex.    March 8, 1966. — April 29, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Negligence,* Manufacturer, Gasoline stove.  *Practice, Civil,* Damages, New
trial.

A finding of liability for negligence on the part of the manufacturer of a
double burner gasoline camping stove toward a girl injured by an ex-
plosion of the stove when it was first used after its purchase by her
father was warranted by evidence from an expert witness that the "air
wire unit" within the gasoline tank attached to the stove had been de-
fective, permitting the discharge of an excessive amount of fuel when
the valve was manipulated according to instructions, and that this defect
could have caused the explosion.

In an action for personal injuries sustained by a girl when a gasoline
camping stove exploded and she suffered numerous second degree burns,
a permanent facial scar, and other nonfacial scars, no abuse of discre-
tion appeared in the denial of a motion for a new trial on the ground
that the verdict of $25,000 was excessive.

TORT.    Writ in the Superior Court dated March 22, 1962.
The action was tried before *Noonan, J.*

*Daniel J. Coughlin, Jr.,* for the defendant.

*Joseph J. Zacharer (Albert J. Marcotte* with him) for
the plaintiffs.

REARDON, J.   In this action of tort for negligence, the minor plaintiff seeks damages for personal injuries and her father seeks consequential damages against the defendant manufacturer of a double burner gasoline camping stove which exploded when first it was used by the father.   He had acquired the stove for trading stamps.   There was a verdict of $25,000 for the minor plaintiff who had suffered numerous second degree burns, a permanent facial scar about three quarters of an inch in circumference, and other nonfacial scars.   There was a verdict of $300 for the father. The defendant's motions for a directed verdict and for a new trial were denied.   The defendant's exceptions to the action of the trial judge upon its motions bring the case here.   There was no error.

An expert witness testified that the "air wire unit" within the gasoline tank attached to the stove had been defective, permitting the discharge of an excessive amount of fuel when the valve was manipulated according to the instructions accompanying the stove and that this defect could have caused the "explosion."   The case is within the doctrine of *Carter* v. *Yardley & Co. Ltd.* 319 Mass. 92, 98, 103, and cases cited.   See *Ricciutti* v. *Sylvania Elec. Prod. Inc.* 343 Mass. 347, 352, 353.   It could have been found that the defendant manufactured a product which it knew or should have known was a potentially dangerous instrumentality if defective through want of care of the defendant and which, being in the same condition as when it left the place of manufacture, exploded when first employed by the father.   *MacPherson* v. *Buick Motor. Co.* 217 N. Y. 382, 387, 389.   See *Carter* v. *Yardley & Co. Ltd., supra,* at.p. 95, and cases cited; *Hoenig* v. *Central Stamping Co.* 273 N. Y. 485.

We cannot say "that the award of damages or the act of the judge in permitting it to stand was an abuse of discretion constituting error of law."   *Bartley* v. *Phillips,* 317 Mass. 35, 44.   *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 349.

*Exceptions overruled.*