### EDWARD F. DRUM *vs.* NEW ENGLAND COTTON YARN COMPANY.

Bristol.   October 28, 1901. — November 26, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Negligence,* Employers' liability, *Res ipsa loquitur.*

In an action by an employee of the defendant injured by falling from a step ladder in consequence of its breaking, it appeared, that the plaintiff was second hand in the room where he worked and that it was part of his duty to inspect the ladder and see that it was kept in repair; that about three weeks before the accident the ladder was broken, that the plaintiff reported the fact, and the ladder was sent to the carpenter's shop and repaired, and on its return was inspected by the plaintiff who thought it was all right, that the ladder broke in two as the plaintiff who had been using it was coming down and he fell to the floor and was injured, that the ladder did not break where it broke before, that the ladder did not slip on the floor and the plaintiff did not slip on the ladder. *Held,* that there was no evidence of negligence on the part of the defendant; that, if there was any breach of duty, it was on the part of the plaintiff and he could not avail himself of it, and, if there was a latent defect in the ladder, the defendant would not be responsible.

It cannot be said that when a step ladder breaks the fact of its breaking points more closely to a defect in the appliance than to some carelessness on the part of the person using it.

TORT for injuries caused by the breaking of a step ladder on which the plaintiff was at work in the mill of the defendant, with counts both at common law and under the employers' liability act.   Writ dated March 2, 1900.

In the Superior Court, *Sherman,* J. ruled that the plaintiff could not maintain his action, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*F. S. Hall,* for the plaintiff.

*A. J. Jennings,* for the defendant.

LATHROP, J.   The plaintiff was injured while in the employ of the defendant, by falling from a step ladder, in consequence of its breaking.   It appeared from the plaintiff's evidence that he was twenty-seven years old, and had worked for the defendant for thirteen years, in various capacities; and at the time of the injury was second hand in the room where he worked.   It was a part of his duty to inspect the ladder and see that it was kept

in repair.  About three weeks before the accident the ladder was broken in some way not explained.  The plaintiff reported the fact, and the ladder was sent to the carpenter's shop and repaired.  On its return the plaintiff inspected it, and thought it was all right.  On the day of the accident the plaintiff, having occasion to use the ladder to clean a belt on an overhead shaft, placed the ladder in position, ascended it, did his work, and, while coming down, the ladder broke in two and he fell to the floor.

No explanation is offered as to the cause of the break, although it appears that it did not break where it broke before.  The plaintiff testified that the ladder did not slip on the floor and that he did not slip on the ladder.  We can find no evidence of negligence on the part of the defendant.  The plaintiff accepted the responsibility of seeing that the ladder was kept in proper repair ; and we cannot say that he was an unfit person to be trusted with that responsibility.  *Arnold* v. *Eastman Freight Car Heater Co.* 176 Mass. 135.  If there was any breach of duty it was on his part, and he cannot avail himself of it.  *Allen* v. *Smith Iron Co.* 160 Mass. 557.  If there was any latent defect in the ladder, the defendant would not be responsible.

The plaintiff contends that the fact that the ladder broke is some evidence of negligence, and invokes the rule of *res ipsa loquitur*.  But whether this rule can be applied with safety, it has been said, "must be considered always with reference to the special facts of the case and the teachings of experience with regard to them."  *Copithorne* v. *Hardy*, 173 Mass. 400.  It was also said in the same case : " General propositions and decisions upon different facts are equally useless."  It cannot be said, when a step ladder breaks, that the fact of its breaking by common experience points more closely to a defect in the appliance than to some carelessness on the part of the person using it.

The case before us differs from *Jones* v. *Pacific Mills*, 176 Mass. 354, in several particulars.  The ladder in that case was not a step ladder, but an ordinary ladder with rungs.  It was shown to the jury, and they had an opportunity to see the manner in which it had been spliced, and the effect upon its strength.  There were also experts called on each side, who differed in opinion as to the effect of splicing. . In the case before us the

break was not where the ladder was spliced, the ladder was not shown to the jury, and there were no experts.

We find in the case nothing to show negligence on the part of the defendant, or of any one exercising superintendence, or of any one whose duty it was to see that the ladder was in proper repair, unless we except the plaintiff.

*Exceptions overruled.*