*William J. Fenton,* for the defendant, submitted a brief.

WILLIAM P. RICE *vs.* ELLEN C. DE AVILLA, administratrix. January 30, 1959. Exceptions overruled. In this action of tort the plaintiff had a verdict, which was recorded under leave reserved. The sole question for decision is whether the judge erred in denying the defendant's motions (1) for a directed verdict and (2) to enter a verdict in her favor under leave reserved. We summarize the relevant evidence as follows: The plaintiff, an experienced bricklayer and mason, entered in an agreement with the defendant's intestate (hereinafter called De Avilla) to do certain masonry work on a house that De Avilla was building in Stoneham. Under the agreement De Avilla was to

Rescripts.

furnish and build the staging which the plaintiff was to use. De Avilla erected the staging and on October 12, 1955, the staging appearing "alright" to the plaintiff, he, in De Avilla's presence, went onto the staging to work. The plaintiff weighed 150 pounds. After he had been on the staging from one half to three quarters of an hour, the plaintiff "stepped on the inside plank . . . [and] heard a cracking noise under him like the plank or the staging itself was breaking." This was the first time that he had stepped on this particular plank. To a question whether he was able to tell what part of the staging broke, the plaintiff answered, "I would say the plank I was standing on." There was no error. It would appear that the plaintiff was an independent contractor rather than an employee of De Avilla. But whether he was one or the other is not material, for in either case the defendant's duty would be the same. *Keough* v. *E. M. Loew's, Inc.* 303 Mass. 364, 365. That duty is to use reasonable care to provide the plaintiff with safe appliances. *Gauld* v. *John Hancock Mut. Life Ins. Co.* 329 Mass. 724, 727. The fact that a staging (or a plank thereof) erected by De Avilla of materials furnished by him, and which so far as appears was under his exclusive control, broke shortly after the plaintiff stood on it was sufficient to warrant an inference of negligence on the part of De Avilla either in the erection of the staging or in the selection of materials used. See *Brady* v. *Great Atl. & Pac. Tea Co.* 336 Mass. 386, and cases there collected. We are of opinion that the case at bar is distinguishable from *Gauld* v. *John Hancock Mut. Life Ins. Co.* 329 Mass. 724, on which the defendant heavily relies. In that case a step of a ladder (furnished by the defendant but not shown to be built by it), which the plaintiff had used during three days immediately prior to the accident, broke. The ladder was introduced in evidence and was before us, and it was held that there was nothing about its appearance which would indicate a defect which could have been discovered upon reasonable examination.

*John J. Dolan*, for the defendant.

*James F. Meehan*, (*John P. Donnelly* with him,) for the plaintiff.