LOUISE R. MACDONALD *vs.* JOSEPH N. NAJJAR; CANADA DRY CORPORATION, third-party defendant.

Suffolk. April 7, 1972. — June 5, 1972.

Present: TAURO, C.J., SPIEGEL, REARDON, BRAUCHER, & HENNESSEY, JJ.

*Sale*, Warranty, Bottle.

In an action against the owner of a retail store from whom the plaintiff purchased a bottle of carbonated beverage which broke in the plaintiff's hand, causing injury, while she was opening it with a bottle opener, the allowance of a motion by the manufacturer of the bottle for a directed verdict with regard to a third-party warranty claim by the owner of the store against the manufacturer was error where the evidence tended to exclude the possibility that either the plaintiff or an employee of the store owner had mishandled the bottle, and where the evidence warranted an inference that the bottle contained a latent defect when the manufacturer delivered it to the store owner. [121–122]

CONTRACT AND TORT. Writ in the Superior Court dated December 21, 1965.

The action was tried before *Sullivan*, J.

*Stephen A. Hopkins* for Joseph N. Najjar.

*William H. Shaughnessy* (*Michael A. Gatta* with him) for Canada Dry Corporation.

*Joseph J. Hurley* for the plaintiff.

SPIEGEL, J.   In this action of tort and contract the plaintiff sought to recover for injuries she sustained when "a bottle of carbonated beverage purchased at Najjar's retail store broke in her hand as she was handling it at home." [1]   Najjar, doing business as Westland Food Shop, then entered a third-party writ and declaration (G. L. c. 231, § 4B) against Canada Dry Corporation (Canada Dry) alleging, inter alia, that if the plaintiff prevailed against him for breach of an implied warranty of fitness, then Canada Dry would be liable to him for damages for breach of its implied warranty in selling the bottle to him.   After the evidence had been presented, Najjar filed a motion for a directed verdict.   This motion was denied subject to Najjar's exception.   Najjar, however, in his brief concedes that the evidence was sufficient to go to the jury on the question of breach of implied warranty of fitness.   Therefore, this exception is deemed waived.   Canada Dry filed a motion for a directed verdict in regard to Najjar's third-party action against it, which was allowed subject to Najjar's exception.

The case was submitted to the jury on the question of Najjar's liability to the plaintiff for breach of an implied warranty of fitness, and the jury returned a verdict for the plaintiff for $5,000, plus interest.

The only question before us is whether there was error in the allowance of Canada Dry's motion for a directed verdict in the third-party action by Najjar against it.

We summarize the evidence most favorable to Najjar. The plaintiff, a seventy year old widow, lived next door to Najjar's food shop.   On April 29, 1965, she went to Najjar's store and ordered a bottle of Cott diet ginger ale. One Julie Benjamin, an employee at the store, replied that she did not have Cott but did have Canada Dry low calorie ginger ale, which the plaintiff agreed to take. Miss Benjamin then took a bottle of Canada Dry from a cooler where it was standing up with other bottles of tonic.   It was not in a six-pack container but was stand-

---

[1] Subsequently the plaintiff waived the count in tort.

ing loose. She carried the bottle to the counter, placed it in a bag, gave it to the plaintiff, and accepted payment. The bottle did not strike or hit anything while being handled by her prior to being given to the plaintiff. Miss Benjamin observed the bottle while it was in her possession and did not see any crack in the neck of the bottle. It appeared normal to her.

The plaintiff took the bottle to her apartment and put it on the table. While she was opening the bottle with ordinary force with a bottle opener, the neck of the bottle broke and she sustained a serious cut on her hand. Prior to breaking, the bottle had not struck or hit anything while being handled by the plaintiff. She observed the bottle prior to the accident and did not notice anything unusual.

In April of 1965, Najjar had purchased for resale soft drinks from Canada Dry, Cott, Coca-Cola, Pepsi-Cola and 7-Up. He would place an order with Canada Dry and it would deliver bottles to him by truck once a week. Canada Dry personnel would bring them into the store on "two-wheelers" and stack them up in the back room. The bottles would be packaged in "wooden cases with cardboard packs containing four six packs." Najjar paid for what he purchased from Canada Dry. Before April, 1965, he had purchased bottles of ginger ale from Canada Dry similar to the bottle which injured the plaintiff. Prior to the sale of bottles, Najjar or his employees "would take them out of the racks in the back room and put them in the refrigerator, a dry refrigerator with sliding doors on top of the unit; . . . [Najjar] would take a couple of six packs out of the back room, holding the packs by a handle on top, and walk with them out to the front and place them in the refrigerator; . . . some customers would walk in, slide open the refrigerator case, and pick out tonic for themselves, while others would ask for tonic and . . . [Najjar], or his employees, would go and get it for them."

In the case of *Evangelio* v. *Metropolitan Bottling Co. Inc.* 339 Mass. 177, 183, we stated that "[w]here, as here,

the accident occurs after the defendant has surrendered control of the instrumentality involved, it is incumbent upon the plaintiff to show that the instrumentality had not been improperly handled by himself or by intermediate handlers." This is true whether the plaintiff is seeking recovery on a negligence or on a breach of an implied warranty theory. See *Poulos* v. *Coca-Cola Bottling Co. of Boston*, 322 Mass. 386, 391; *Shramek* v. *General Motors Corp., Chevrolet Motor Div.* 69 Ill. App. 2d 72, 77-78. Canada Dry's basic argument is that Najjar failed to produce evidence "tending to exclude the possibility of improper handling while the bottle was in the store and under . . . [his] control." We are of opinion, however, that the jury would have been warranted in inferring that the bottle contained a latent defect when it was delivered to Najjar, and that the injury was not the proximate result of mishandling while the bottle was in Najjar's control. Both Miss Benjamin and the plaintiff testified that they had observed the bottle before the accident and had noticed nothing unusual about it. Miss Benjamin stated that she did not see any crack in the neck of the bottle. While it may be possible that the bottle struck or hit something at some time while in Najjar's control before the accident, we think that the above testimony is evidence tending to exclude the possibility of negligent handling on the part of Najjar. "The plaintiff need not exclude every possible cause for his injuries. He is only required to show a greater likelihood that his injury was caused by the defendant's negligence than by some other cause." *Jankelle* v. *Bishop Indus. Inc.* 354 Mass. 491, 494. Consequently, Najjar's third-party warranty claim against Canada Dry should have been submitted to the jury.

As previously stated, Najjar's exception to the denial of his motion for a directed verdict on the plaintiff's warranty claim has been waived. The exception to the allowance of Canada Dry's motion for a directed verdict with regard to Najjar's third-party warranty claim against it is sustained. The case is remanded for a new

trial between Najjar as third-party plaintiff and Canada Dry as third-party defendant.

*So ordered.*