LEO COYNE *vs.* JOHN S. TILLEY CO., INC.
(and a companion case[1]).

Suffolk.  April 9, 1975. — June 25, 1975.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Negligence,* Manufacturer, Wholesaler, Ladder, Res ipsa loquitur, Contributory.  *Evidence,* Presumptions and burden of proof.

In an action of tort against the manufacturer of an aluminum ladder by one injured in a fall from the ladder when a leg of it collapsed under him at a 45 degree angle, the plaintiff could not recover where, although there was evidence warranting a finding that the collapse of the ladder was not caused by intermediate handlers of the ladder between the time it left the defendant's control and the time of the plaintiff's use of it, the evidence did not warrant a finding that the collapse was not caused by the way in which the plaintiff used the ladder.  [235-239]

In an action of tort against the manufacturer of an article by one injured while using it, the requirement that the plaintiff prove that

---

[1] Leo Coyne *vs.* Lynn Ladder Co., Inc.

his injuries were not caused by his own handling of the article did not constitute a requirement that he prove absence of contributory negligence contrary to the provisions of G. L. c. 231, § 85, affording a presumption that he was in the exercise of due care and placing the burden of proving his contributory negligence on the defendant. [240-241]

One injured in a fall from an aluminum ladder when a leg thereof collapsed under him at a 45 degree angle could not recover from a wholesaler of the ladder in an action of tort where the evidence did not warrant a finding that the collapse of the ladder was not caused by the way in which the plaintiff used it. [241-242]

TWO ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated December 4, 1969, and May 12, 1970, respectively.

The actions were heard by *Elam, J.*

After transfer of the actions to and review thereof by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Walter G. Murphy* for the plaintiff.

*James B. Dolan* (*William B. Shaughnessy* with him) for John S. Tilley Co., Inc.

*John W. McCann,* for Lynn Ladder Co., Inc., submitted a brief.

TAURO, C.J. These are two actions of tort in which the plaintiff seeks to recover for injuries suffered in a fall from an aluminum stepladder. In his declarations,[2] the plaintiff alleges that his fall "was due to the negligent and careless manner in which said ladder was manufactured, designed, and constructed." The two actions were consolidated for trial in the Municipal Court of the City of Boston. In the action brought against the manufacturer of the ladder, John S. Tilley Co., Inc. (Tilley), the trial judge, after denying the defendant's request for

---

[2] Though the actions are brought against a manufacturer and a wholesaler, the two declarations are identical in form. Neither defendant has questioned the sufficiency of the declaration. We treat any objections which the defendants might have had as waived.

rulings,[3] found for the plaintiff in the amount of $1,000. In the action brought against the wholesaler of the ladder, Lynn Ladder Co., Inc. (Lynn Ladder), the trial judge, after denying five[4] of the plaintiff's six requests for rulings, found for the defendant. The plaintiff and Tilley, alleging that they were aggrieved by the judge's denial of their requests for rulings, claimed reports to the Appellate Division of the Municipal Court of the City of Boston. G. L. c. 231, § 108. These reports were consolidated into a single report which stated that it "contains all the evidence material to the questions reported." The Appellate Division vacated the judge's finding for the plaintiff against Tilley and directed that a finding be entered for the defendant in each case. We treat the Appellate Division's order that a finding be entered for Lynn Ladder as a dismissal of the report in the plaintiff's case against Lynn Ladder. The plaintiff appealed to this court from the Appellate Division's orders. We transferred the cases to the Appeals Court.

---

[3] The requests for rulings which were denied are:

"1. The evidence does not warrant a finding that the defendant, its agents, or servants was [*sic*] negligent.

"2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

"3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

"4. As a matter of law, the defendant breached no legal duty owed by it to the plaintiff."

[4] The requests for rulings which were denied are:

"1. The evidence warrants a finding for the plaintiff.

"2. The evidence requires a finding for the plaintiff.

"3. The evidence does not warrant a finding for the defendant."

"5. As a matter of law, if the leg of the ladder here involved had been properly examined before the accident, in all probability the accident would not have occurred and an inference is warranted of negligence on the part of the defendant. *Garrett* vs. *McDonough Co.*, 297 Mass. 58.

"6. As a matter of law, the evidence warrants a finding that the ladder was defective at the time it was sold by the defendant. *Carney* vs. *Bereault*, 348 Mass. 502."

G. L. c. 211A, § 12. The Appeals Court affirmed the orders of the Appellate Division in both cases. *Coyne* v. *John S. Tilley Co. Inc.* 2 Mass. App. Ct. 641 (1974). The cases are before us for further appellate review on the plaintiff's application. The principal question presented for our decision is whether the evidence warranted a finding for the plaintiff in either case.

We summarize the evidence contained in the report to the Appellate Division of the Municipal Court of the City of Boston in its aspect most favorable to the plaintiff. The plaintiff was employed as a night cleaner by York Realty, Inc. (York). On the evening of May 12, 1969, the plaintiff ascended a six-foot aluminum stepladder in order to wash an overhead transom and door. After he had perched on the ladder "for a minute or so," a leg of the ladder "collapsed inward at a 45° angle." The plaintiff was thrown to the floor and suffered injuries. Prior to the accident, the ladder had appeared to the plaintiff to be "free of defects." "[T]he legs were straight, the finish was clean and bright, and it appeared new."

The ladder in question was manufactured by the defendant Tilley. At some unstated time, the ladder was sold by Tilley to Lynn Ladder, also a defendant. On March 26, 1969, Lynn Ladder sold the ladder to Warren Electric & Hardware Supply Co., Inc. (Warren), which sold the ladder to York the following day. There was evidence that, before Lynn Ladder shipped ladders to customers, the ladders were inspected. There was further evidence that the president of Lynn Ladder examined the ladder in question prior to shipment to Warren and found it in good condition without apparent defects.

The ladder was stored by York in the cellar storeroom of the building in which the plaintiff was working on the night of his accident. At some unspecified time, the night supervisor of the building, the plaintiff's brother, had removed the ladder from the storeroom and had given it to the plaintiff for use in his job. There was

evidence that the night supervisor had observed the ladder and thought it free from defects: "[T]he legs were straight, and the surface of the ladder was shiny and free from dirt or paint."

The plaintiff's theory of recovery in each case is the principle of negligence we announced in *Carter* v. *Yardley & Co. Ltd.* 319 Mass. 92, 96 (1946): "[A] manufacturer or other person owning or controlling a thing that is dangerous in its nature or is in a dangerous condition, either to his knowledge or as a result of his want of reasonable care in manufacture or inspection, who deals with or disposes of that thing in a way that he foresees or in the exercise of reasonable care ought to foresee will probably carry that thing into contact with some person, known or unknown, who will probably be ignorant of the danger, owes a legal duty to every such person to use reasonable care to prevent injury to him." Accord, *Ricciutti* v. *Sylvania Elec. Prod. Inc.* 343 Mass. 347, 352-353 (1961). The plaintiff argues that the defendants had a duty to discover defects in the ladder which, in his view of the evidence, caused its collapse when it was put to a normal and foreseeable use.

Though the *Yardley* case eliminated the privity of contract requirement in actions for the negligent manufacture and sale of a product (*Carter* v. *Yardley & Co. Ltd., supra,* at 96-97, 104), the case did not relieve the plaintiff of the burden of proving that a defect attributable to a manufacturer's (and in this case a wholesaler's as well) negligence caused his injuries. *LeBlanc* v. *Ford Motor Co.* 346 Mass. 225, 230 (1963). *Carney* v. *Bereault,* 348 Mass. 502, 506 (1965). In the instant case, the plaintiff has adduced no direct evidence as to the specific acts or omissions by the defendants which constituted negligence and as to the specific defect of manufacture which caused the accident. Cf. *Kalash* v. *Los Angeles Ladder Co.* 1 Cal. 2d 229 (1934). To sustain his burden of proof, the plaintiff relies on circumstantial evidence and, consequently, on an in-

ference of negligence which, he claims, one may permissibly draw from the occurrence of the accident. We pass to a consideration of the sufficiency of the evidence to support that inference against each defendant.


THE CASE AGAINST TILLEY.


The nature of the inference on which the plaintiff would rely in this case has been described in *Evangelio* v. *Metropolitan Bottling Co. Inc.* 339 Mass. 177, 180 (1959): "[T]he tribunal of fact [is permitted], if it sees fit, to draw from the occurrence itself of an unusual event the conclusion that it would not have happened unless the defendant had been negligent. It does no more than recognize that negligence and causation, like other facts, may be established by circumstantial evidence." Accord, *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234 (1936). In drawing this inference and determining that there is a balance of probabilities in favor of negligence, the trier of fact must be able to find, either from common knowledge (*Graham* v. *Badger*, 164 Mass. 42, 47 [1895]; *Zentz* v. *Coca Cola Bottling Co. of Fresno*, 39 Cal. 2d 436, 442 [1952]) or from expert testimony (*James* v. *Boston Elev. Ry.* 204 Mass. 158, 162 [1910]; *LeBlanc* v. *Ford Motor Co.* 346 Mass. 225, 231 [1963]) that the occurrence of the accident shows negligence as a cause. *Roscigno* v. *Colonial Beacon Oil Co., supra*, at 235. *Evangelio* v. *Metropolitan Bottling Co. Inc., supra*, at 182.

We believe that a trier of fact could infer as matter of common knowledge[5] that a relatively new aluminum stepladder would not collapse in such a way that one of its legs was bent inward in a 45° degree angle in the course of usage unless someone had been negligent. Plainly, a properly fabricated and designed aluminum ladder

---

[5] The plaintiff has introduced no expert testimony.

which had received proper care and usage would not collapse if put to the use for which it was intended. See *Jiminez* v. *Sears, Roebuck & Co.* 4 Cal. 3d 379, 387 (1971). There are numerous conceivable acts of negligence which might have contributed to the collapse: A leg of the ladder might have been constructed with defective materials and then inadequately tested by the manufacturer. The ladder might not have been designed to support a load which the manufacturer should reasonably have expected the ladder to hold. The ladder might have been mishandled by a middleman in the distribution process. At the time of the accident, a leg of the ladder might have been positioned in such a way that it could not withstand the weight applied, or, in the alternative, the weight applied might have been excessive when considered in light of the ladder's manifest construction and design. In any event, the likelihood that the collapse was caused by some negligent act could be found to be greater than that it was not. Just as in the case of a mysteriously exploding bottle (see *Evangelio* v. *Metropolitan Bottling Co. Inc., supra*) or a mysteriously malfunctioning automobile transmission (see *LeBlanc* v. *Ford Motor Co.* 346 Mass. 225 [1963]), the occurrence of this accident will support an inference of negligence.[6]

However, the above mentioned *inference* alone will not support a finding for the plaintiff in the instant case.

---

[6] *Drum* v. *New England Cotton Yarn Co.* 180 Mass. 113 (1901), and *Gauld* v. *John Hancock Mut. Life Ins. Co.* 329 Mass. 724 (1953), relied on by Tilley, are distinguishable. In *Drum,* we held that the plaintiff had had the responsibility for keeping the ladder in repair. Language in the opinion to the effect that the breaking of a stepladder does not point "more closely to a defect in the appliance than to some carelessness on the part of the person using it" is not inconsistent with our analysis here. *Drum, supra,* at 114. In *Gauld,* the ladder was available for our inspection. We held that the trier of fact could not say that reasonable inspection of the ladder by the defendant would have uncovered a defect in the ladder's step, if a defect had indeed caused the plaintiff's accident. *Gauld, supra,* at 728. See *Rice* v. *De Avilla,* 338 Mass. 793 (1959).

"Where, as here, the accident occurs after the defendant has surrendered control of the instrumentality involved, it is incumbent upon the plaintiff to show that the instrumentality had not been improperly handled by himself or by intermediate handlers." *Evangelio* v. *Metropolitan Bottling Co. Inc.* 339 Mass. 177, 183 (1959). *Rafferty* v. *Hull Brewing Co.* 350 Mass. 359, 363 (1966). The evidence introduced must be of such a nature that it warrants a reasonable inference that the particular defendant-manufacturer, rather than another, bears responsibility for the negligence which, one may infer, caused the accident. *Zentz* v. *Coca Cola Bottling Co. of Fresno,* 39 Cal. 2d 436, 447 (1952). Harper & James, Torts, § 19.7, pp. 1085, 1093-1094 (1956). See *Rafferty* v. *Hull Brewing Co.* 350 Mass. 359, 362 (1966).

We believe that the plaintiff's evidence was sufficient to warrant exclusion of negligence by intermediate handlers as a cause of the ladder's collapse. Cf. *Kenney* v. *Sears, Roebuck & Co.* 355 Mass. 604, 607 (1969). There was evidence that three people, the president of Lynn Ladder, the night supervisor, and the plaintiff, had observed the ladder and had noticed no defects. There was evidence that, prior to the accident, the ladder had appeared new to the plaintiff. Its finish had been clean and bright. The trier of fact could deem it improbable that a ladder which appeared bright, new and defect-free to these observers had been damaged significantly by handling between the time it left the manufacturer's control and the time of the plaintiff's use.[7] See *Hewitt* v. *General Tire & Rubber Co.* 3 Utah 2d 354, 360 (1955). Cf. *Andrews* v. *Barker Bros. Corp.* 267 Cal. App. 2d 530 (1968). In this respect, this case is similar to prior cases in which evidence of the intact appearance

---

[7] The ladder would not likely have been subject to sudden "crystallization or deterioration" while it still appeared bright and new to observers. See *Carter* v. *Yardley & Co. Ltd.* 319 Mass. 92, 99 (1946); *Carney* v. *Bereault,* 348 Mass. 502, 507 (1965).

of a carton used in transporting bottles (*Jankelle* v. *Bishop Indus. Inc.* 354 Mass. 491, 493 [1968]) and of the defect-free appearance of a carbonated beverage bottle at the time of sale (*MacDonald* v. *Najjar,*[8] 362 Mass. 119, 122 [1972]) was held sufficient to warrant a finding that the bottles had not been damaged by handlers intervening between the injured victim and a defendant manufacturer. Cases such as *Selissen* v. *Empire Bottling Co. Inc.* 343 Mass. 779 (1962), and *Rafferty* v. *Hull Brewing Co.* 350 Mass. 359 (1966), in which no admissible evidence of due care by intermediate handlers was introduced, are distinguishable.

Though the evidence presented by the plaintiff was sufficient to warrant a finding that the actions of intermediate handlers had not contributed to the ladder's collapse, his evidence was insufficient to exclude his own actions as a cause for the ladder's collapse. The evidence concerning the plaintiff's use of the ladder is meager. The report recites only the most general evidence about the plaintiff's actions prior to the accident. It notes only that he was on the ladder briefly while washing the door and overhead transom. There is no evidence that the plaintiff put the ladder to the normal use for which it was intended. Cf. *Andrews* v. *Barker Bros. Corp.* 267 Cal. App. 2d 530, 533 (1968). He could have overloaded the ladder with a variety of cleaning paraphernalia or could have placed the ladder so that the leg which subsequently was bent inward bore an inordinate proportion of the weight. From the evidence, a finder of

---

[8] The plaintiff in the *MacDonald* case relied on an implied warranty of fitness. A count in her declaration which sounded in tort was waived. Nevertheless, we held that, against a defendant manufacturer, a plaintiff had the duty to "'show that the instrumentality [which caused injuries] had not been improperly handled by himself or by intermediate handlers' . . . whether the plaintiff is seeking recovery on a negligence or on a breach of an implied warranty theory." *MacDonald* v. *Najjar,* 362 Mass. 119, 122 (1972).

fact could not say that it is more likely that the plaintiff handled the ladder properly than that the collapse of the ladder resulted from his contributory actions or carelessness. Cf. *LeBlanc* v. *Ford Motor Co.* 346 Mass. 225, 231 (1963) (testimony by the plaintiff and another that selector lever of car was in neutral position at time of accident). Without further evidence,[9] "[i]t cannot be said, when a step ladder breaks, that the fact of its breaking by common experience points more closely to a defect in the appliance than to some carelessness on the part of the person using it." *Drum* v. *New England Cotton Yarn Co.* 180 Mass. 113, 114 (1901).

Accordingly, we hold that the evidence is insufficient to warrant the plaintiff's recovery against Tilley and that the trial judge erred in denying Tilley's request for a ruling that "[t]he evidence does not warrant a finding that the defendant, its agents, or servants was [*sic*] negligent." "[T]he inference of negligence does not point to the defendant until the plaintiff himself has been eliminated as a cause." Prosser, Res Ipsa Loquitur in California, 37 Cal. L. Rev. 183, 201 (1949). "The plaintiff need not exclude every possible cause for his injuries. He is only required to show a greater likelihood that his injury was caused by the defendant's negligence than by some other cause." *Jankelle* v. *Bishop Indus. Inc.* 354 Mass. 491, 494 (1968). *MacDonald* v. *Najjar,* 362 Mass. 119, 122 (1972). This he did not do.[10]

---

[9] A plaintiff's evidence, in cases similar to this one, should be sufficient to warrant a finding that the accident occurred in the course of proper and foreseeable use. Such evidence might include (but would not necessarily be limited to) testimony as to the weight on the ladder at the time of the accident, the surface on which the ladder had been placed, the positioning of the ladder and the activities in which the plaintiff had engaged while on the ladder. In sum, there must be a detailed description of the use being made of the ladder and the surrounding circumstances.

[10] In the instant case, we have held that the plaintiff's evidence concerning his use of the ladder at the time of the accident was

There is no merit to the plaintiff's contention that the requirement that he exclude his own actions as a cause of the ladder's collapse contravenes G. L. c. 231, § 85 (as appearing in St. 1973, c. 1123, § 1). The statute provides that "the plaintiff shall be presumed to have been in the exercise of due care" and places the burden of proving contributory negligence by the plaintiff on the defendant. It is settled that the statute did not "change the substantive law of negligence in any respect, but simply affected procedure and the burden of proof." *Perry* v. *Boston Elev. Ry.* 322 Mass. 206, 209 (1948). " [T]he whole practical effect of the statute" is to place the burden of proof of contributory negligence on the defendant. *Id.* at 210. *Potter* v. *John Bean Div. of Food Mach. & Chem. Corp.* 344 Mass. 420, 425-426 (1962). Yet, the requirement that the plaintiff eliminate his own handling of the product as a cause of his injuries is analytically distinct from a requirement, in violation of the statute, that he prove the absence of contributory negligence. Generally, we agree that the requirement, in cases such as this, that the plaintiff exclude his own actions as a cause of his injuries "should not be confused with the problem of contributory negligence, as to which defendant has the burden of proof, and its purpose, like that of control by the defendant, is merely to assist the court in determining whether it is more probable than not that the defendant was responsible for the accident." *Zentz* v. *Coca Cola Bottling Co. of Fresno,* 39 Cal. 2d 436, 444 (1952). Proof which excludes the plaintiff's

---

insufficient to warrant a finding in his favor. Because of this holding, we have no occasion here to consider the sufficiency of the plaintiff's evidence regarding his *prior* handling of the ladder. We emphasize that, in cases in which a plaintiff relies on an inference of negligent manufacture drawn from the occurrence of an accident, the plaintiff must demonstrate that his prior handling did not damage the product and contribute to the accident. Evidence of his proper prior handling is as essential to the plaintiff's case as evidence of proper use at the time of the accident.

handling of the product as a cause of its failure "com-plete[s] the basis for an inference," drawn from the occurrence of the accident, that the defendant-manu-facturer's negligence proximately caused the plaintiff's injuries. Harper & James, Torts, § 19.8, p. 1093 (1956). Frumer & Friedman, Products Liability, § 12.03 [4], pp. 306-307 (1974). Without such proof, the fact finder could not conclude that the occurrence of the accident was most likely caused by the negligence of that particu-lar defendant.

## The Case Against Lynn Ladder.

The plaintiff's case against Lynn Ladder must fail for the same reasons as his case against Tilley. The plaintiff has presented sufficient evidence so that an inference can be drawn that the collapse of the ladder resulted from some negligent act. He has not, however, sufficiently excluded his own actions as a cause of its collapse. His evidence is insufficient to demonstrate that some defect in the ladder more probably than not caused its collapse. Thus, a trier of fact could not find from the evidence introduced that a failure of Lynn Ladder to inspect the ladder so as to discover the defect, if, in fact, Lynn Ladder had such a duty of inspection [11] (compare *O'Brien* v. *Louis K. Liggett Co.* 282 Mass. 438, 441-442 [1933], and *Kirk* v. *Stineway Drug Store Co.* 38 Ill. App. 2d 415, 426-429 [1963], with *Gauld* v. *John Hancock Mut. Life Ins. Co.* 329 Mass. 724, 728 [1953], *Fahey* v. *Osol,* 338 Mass. 429, 434 [1959], *Hadley* v. *Hillcrest Dairy, Inc.* 341 Mass. 624, 631 [1961], and *Burgess* v. *Mont-gomery Ward & Co. Inc.* 264 F. 2d 495, 498 [10th Cir. 1959]; see generally Restatement 2d: Torts, §§ 401, 402

---

[11] We do not now express our opinion as to the nature and extent of the duty of inspection which a wholesaler in the exercise of due care owes to a remote purchaser of a ladder.

[1965], and comments; anno. 6 A. L. R. 3d 12 [1966]), or mishandling by Lynn Ladder (see *Rafferty* v. *Hull Brewing Co.* 350 Mass. 359, 362 [1966]) amounted to negligence for which the plaintiff could have recovery. The judge properly denied the plaintiff's request for a ruling that "[t]he evidence warrants a finding for the plaintiff."

In the case against Tilley, the order of the Appellate Division vacating the finding for the plaintiff and directing a finding for the defendant is affirmed. In the case against Lynn Ladder, the order of the Appellate Division, which we have treated as an order dismissing the report, is affirmed. A judgment for the defendant is to be entered in each case.

*So ordered.*