ROBERT A. RAMOS *vs.* ALFRED A. STORLAZZI; B. STONE CONSTRUCTION COMPANY, INC., third-party defendant. August 29, 1980. The plaintiff brought an action against the defendant for damages for an injury allegedly caused by the negligent design, construction, assembly, inspection, and leasing of an industrial fan leased by the defendant to the plaintiff's employer (the third-party defendant). Judgment for the plaintiff was entered in the amount of $10,050, based on a special verdict returned by the jury finding the defendant negligent, allocating percentages of negligence between the parties (see G. L. c. 231, § 85), and finding the plaintiff thirty-three per cent negligent. On appeal, the defendant argues error in the denial of his motions for a directed verdict, for relief from judgment, and for a new trial, and in the denial of his request for a jury instruction. We affirm.

1. We conclude that the evidence, which is reported, viewed in its aspect most favorable to the plaintiff, was sufficient to warrant submission of the case to the jury. The plaintiff testified that, in his position as a construction job superintendent employed by the third-party defendant, he had obtained from the defendant the leasing and delivery of five industrial fans which were used to dry the surface of an indoor tennis court. On August 26, 1976, the plaintiff and several other employees set up the fans. That night, at approximately 2:00 A.M., as the plaintiff was attempting to reposition a fan in order to expedite the drying process, his hand went through the nylon mesh netting covering the fan blades, and part of his left fifth finger was severed. He testified that after the accident he noticed a hole in the nylon mesh but that he had not noticed any defects in the fan prior to the incident. There was evidence that each fan

was delivered in a disassembled condition, the three components consisting of a base, a pole, and a unit composed of the fan housing, motor, blades, and nylon mesh netting. At the job site, the fans were assembled by setting the fan units into the bases. The plaintiff demonstrated for the jury his handling of the fan, and the nylon mesh netting with the hole was introduced in evidence as an exhibit. An employee of the defendant testified that the nylon mesh nettings were manufactured by hand in the defendant's shop and that one of these nettings was used on the fan in question. Both the defendant and his employee testified that they had inspected all five fans leased to the third-party defendant prior to delivery and found them to be free of defects and in proper operating condition. To a series of questions put to him by the plaintiff's attorney on cross-examination, the defendant's employee replied that by the end of the summer in 1976, he may not have been looking closely for holes in the nylon mesh nettings. The foregoing evidence was sufficient to warrant a jury finding that the defendant was negligent in the manufacture of the nylon mesh nettings, or had negligently failed properly to inspect the fans and nettings prior to delivery to the third-party defendant, and that the defendant's negligence was the proximate cause of the plaintiff's injury. See *Beaver* v. *Costin,* 352 Mass. 624, 626-627 (1967); *McLaughlin* v. *Bernstein,* 356 Mass. 219, 224-226 (1969); *Zezuski* v. *Jenny Mfg. Co.,* 363 Mass. 324, 327-329 (1973). Cf. and contrast *Coyne* v. *John S. Tilley Co.,* 368 Mass. 230, 238-239 (1975). The defendant's motion for a directed verdict was properly denied.

2. The judge properly denied the defendant's request for a jury instruction that the plaintiff had the burden of showing that there was no improper handling of the fan by the plaintiff or by intermediate handlers after the fan had left the defendant's control. The defendant's reliance on *Evangelio* v. *Metropolitan Bottling Co.,* 339 Mass. 177 (1959), and *Coyne* v. *John S. Tilley Co., supra,* is misplaced, for the principles applied in those cases pertain to situations in which the facts of negligence and proximate causation must be inferred from the occurrence of an unusual event and a plaintiff is required to introduce sufficient evidence to warrant a reasonable inference that the particular defendant, rather than another, bears responsibility for the negligence which, one may infer, caused the accident. *Coyne* v. *John S. Tilley Co.,* 368 Mass. at 237. Here, the judge gave proper and quite thorough instructions to the jury on each element of the plaintiff's negligence complaint, and the jury were properly instructed that the defendant had the burden of proving contributory negligence on the part of the plaintiff. See G. L. c. 231, § 85, as appearing in St. 1973, c. 1123, § 1.

3. The defendant's motions for relief from judgment and for a new trial were based on alleged misrepresentations in the plaintiff's medical bills, recording treatment received by the plaintiff for a separate medical problem (hernia condition), as well as for the injury to his finger. The

medical bills were admitted in evidence without objection and we find no abuse of discretion in the judge's denial of these motions. See *Commonwealth* v. *Gagne,* 367 Mass. 519, 526 (1975), and cases cited.

4. Because the defendant filed no appeal from the judgment dismissing his third-party complaint, we need not consider the contention raised in the present appeal that the third-party defendant's motion for a directed verdict was erroneously allowed.

*Judgment affirmed.*

*John J. McArdle* for Alfred A. Storlazzi.
*Mark G. Cerel* for the plaintiff.