Greenberg, J.
This is a breach of warranty action in which plaintiff seeks damages for injuries sustained while operating a bicycle purchased from the defendant. The bicycle was purchased on March 27, 1979 and the accident occurred on September 29, 1979. The plaintiffs testimony was that two rods connecting the rear wheel assembly to the front wheel broke loose, causing him to fall from the bicycle in the midst of a ride. The bicycle was viewed by the trial judge. The seat of the bicycle showed normal discoloration and wear. The break at the junction of the lower of the two connecting bars to the front wheel assembly was marked by a twisted and jagged edge of metal in the vertical portion of the front wheel unit. The plaintiff offered no evidence of a specific negligent act or omission on the part of defendant.
Plaintiff rested at the conclusion of his testimony. Defendant filed nine requests for rulings of law, all of which were denied by the trial judge. Defendant claimed to be aggrieved by the denial of his requests for rulings. The requests were as follows:
1. The evidence does not warrant a finding for the plaintiff.
2. The evidence requires a finding for the defendant.
3. The evidence requires a finding that the plaintiff’s own negligence contributed to cause his injuries and therefore, under the provisions of Massachusetts General Laws, Chapter 231, § 85, as amended, the damages due the plaintiff must be diminished in proportion to the amount of such negligence attributable to the plaintiff.
4. There is a variance between the pleadings and the evidence and therefore the plaintiff cannot recover.
5. The evidence does not warrant a finding that the said bicycle was not of merchantable quality.
6. The evidence does not warrant a finding that the said bicycle was not reasonably fit for the purposes for which bicycles are ordinarily intended.
7. The evidence does not warrant a finding that the plaintiff s alleged injuries were the direct proximate result of a breach of implied warranties on the part of the defendant that the bicycle was of *304 merchantable quality and fit for the ordinary purposes for which bicycles are intended.
8. The evidence requires a finding that the plaintiff, in failing to produce expert testimony as to the cause of the alleged fracture in the bicycle frame, has not proved a breach of warranty of either merchantability, or fitness for the ordinary purposes for which bicycles are intended.
9. The evidence requires afinding that, in the absence of expert medical testimony, the plaintiff has not proved a probable causal relationship between his allegations of present pain and discomfort and the alleged accident.
The central issue raised by the first eight requests is whether or not there was sufficient evidence to support the trial judge’s finding for the plaintiff. Implicit in the result reached was the judge’s conclusion that the bicycle was defective at the time it left the defendant’s store. As stated by Professor Prosser, “ .. .(t)he proof required of a plaintiff seeking to recover for injuries from an unsafe product is very largely the same, whether the cause of action rests upon negligence, warranty, or strict liability.” PROSSER ON TORTS, page 61; see also Massachusetts Strict Liability, 14 New England Law Review, page 250 (1978). The guiding principle has been clearly understood that in order for a plaintiff to recover under either theory, the product must have been defective when the manufacturer or seller relinquished control, and the injury must have occurred while the product was being used in a foreseeable manner. According to Prosser, the plaintiff has the burden to establish a prima facie case initially by showing:
(1) The injury occurred because the bicycle was defective, or unreasonably unsafe for its purpose.
(2) The defect existed when the bicycle left the control of the seller.
(3) The plaintiffs injuries were proximately caused by the defective nature of the bicycle.
The trial judge found that there was no testimony (emphasis added) of excessive or unusual use of the bicycle by the plaintiff. However, there is no finding that the plaintiff, or other member of his family, did not unreasonably utilize the bicycle during the six months preceding the event. In an analogous case, Coyne v. Tilley, 368 Mass. 230 at 240 (1975), the Supreme Judicial Court addressed the issue of the handling of a product by the plaintiff prior to the accident and stated:
“We emphasize that in cases in which a plaintiff relies on an inference of negligent manufacture drawn from an occurrence of an accident, the plaintiff must demonstrate that his prior handling did not damage the product and contribute to the accident. Evidence of his proper prior handling is as central to the plaintiff s case as evidence of proper use at the time of the accident (emphasis added).
On the same issues Prosser, cited supra at page 674, states that:
Tracing the defect of the product into the hands of the defendant confronts the plaintiff with great difficulties. There is the question of time and long continued use. This, in itself, will never prevent recovery where there is satisfactory proof of an original defect. But where there is no such definite evidence, and it is only a matter of inference from the fact that something broke and gave way, the continued use usually prevents the inference that more probable than not, the product was defective when it was sold. When continued use is eliminated as an obstacle, plaintiff must further eliminate his own improper conduct as an equally probable cause of injury.
*305 In the instant case, on the record before us, equally inconsistent conclusions might be drawn by the trier of fact. Where the evidence remains in equipoise, neither position can be said to have been established by legitimate proof. Commonwealth v. Senatl, 3 Mass. 304, 327 (1975); Commonwealth v. Craft, 345 Mass. 143 (1962). Plaintiff, appearing as the sole witness on his part, suggests in his testimony that the bicycle was not excessively utilized by his family members or himself, and suggests that the accident was entirely fortuitous, but goes no further to exclude mishandling.
In Coyne, the court also passed on G.L. c. 231, § 85, as amended, which provides, inter alia, that “(t)he plaintiff shall be presumed to have been in exercise of due care,” and concludes that there is no merit to plaintiffs contention that this requirement excludes a showing of his own action as a cause of the collapse of the ladder in question. The court went on to state that ”(t)he whole practical effect of the statute is to place the burden of proof of contributory negligence on defendant,” .. .yet the requirement that plaintiff eliminate his own handling of the product as a cause of his injuries, is analytically distinct from a requirement in the statute that the defendant prove the defense of contributory negligence. The court emphasized that the requirement that the plaintiff exclude his own actions as a cause of his injuries, should not be confused with the issue of contributory negligence, to which the defendant has the burden of proof and opines that its purpose, as in the issue of control, is merely to assist the trier of fact in determining whether it is more probable than not, that defendant was responsible for the accident. Without such proof, the fact finder could not conclude that the occurrence of the accident was most likely caused by the negligence of that particular defendant.
The plaintiff relies on the theory of recovery enunciated in several so-called "exploding bottle” cases. MacDonald v. Najjar, et al, 362 Mass. 119 (1972); Evangelio v. Metropolitan Bottling Co., Inc., 339 Mass. 177 (1959). These cases extrapolate an evidentiary artifice, whereby the trier of fact is permitted to draw an inference of defendant’s negligence by virtue of an exploding bottle, when it is coupled with proof that it was handled properly after it left defendant’s control. The holdings are distinguishable from the instant case, in view of the lack of proof and finding on this latter issue. In essence, this principle merely permits the trial judge, if he sees fit, to conclude from the occurrence itself (i.e., res ipsa loquitur) that but for the negligence of the bottler, the accident would not have taken place. Given the continued use of the bicycle by the plaintiff over a six-month period of time without more explicit testimony concerning its condition on the date of the accident, the writ of the exploding bottle cases extends too far to be controlling.
Carey v. General Motors Corp., 377 Mass. 736 (1979), a case in which the plaintiff, purchaser of a motor vehicle, prevailed in establishing manufacturer’s negligence, exemplifies the proper methodology for plaintiff to prove that there is a greater likelihood or probability that the injuries complained of were due to causes for which the defendant was responsible. The court upheld a plaintiffs verdict where it was clerely demonstrated by plaintiffs testimony and that of an expert witness that the design of the automobile clearly caused the accident. Plaintiff need not prove a specific identifiable defect, but the judge’s charge to the jury included the information that “(i)n order to be entitled to recovery of damages in this case, the plaintiff must satisfy you within the realm of probability, that this accident was caused by a condition (of the car) that resulted from the design, which the plaintiff alleged to be improper.. .It is not enough for the plaintiff to prove that the accident might have — could have — resulted from *306 negligent design. The plaintiff must show that it is more likely than not that it did.”
It is abundantly clear from the case law [see DuPont v. Mount Hope, 3 Mass. App. ct. 791 (1975); Poirer v. Town of Plymouth, 374 Mass. 206 (1978)] that the burden of proof, under any theory of hidden or latent defect, falls on the plaintiff. Given the focus of the burden of proof and the record before us in this matter, it is clear that the trial judge erred in denial of defendant’s request for rulings numbers 1 through 8.
We vacate the finding for the plaintiff and a new trial is ordered.