Banks, J.
This is an action in torito recover for personal injuries sustained when the plaintiff, as a patron in the restaurant owned and operated by defendant California Cattle Co., sat in a chair which suddenly collapsed under him. The manufacturer and distributor of the chair, Nichols & Stone Co. and Claude Bunyard Design, Inc., were joined as third-party defendants.
The only evidence reported to this Division is a description of the incident in question; to wit:
the plaintiff went into the defendant's restaurant to eat dinner, sat on a chair which suddenly collapsed, knocking the plaintiff down. The plaintiff hit his head on the floor and was hurt. Everything fell apart — [sic] went this way and that way. Parts went on each side of the chair. The chair split apart. The legs were on the floor, and it had just pulled apart
No evidence was introduced by either party as to the cause of the collapse of the chair.
In response to defendant's request for ruling of law number 6,[3] the trial court found that the chair had been owned by the defendant restaurantfor a measurable period of time prior to the plaintiffs accident.[4] The court concluded, in subsidiary findings of fact, that
[t]here being no evidence offered as to original structural defects in the *10 chair, thecourtfinds that the subsequentconditionofthechairwhenused by the plaintiff was defective, but the original condition was not
Judgment was entered for the plaintiff in the amount of $8,500.00, and for the third-party defendants.
The defendant is now before this Division on a charge of error in the trial court's disposition of requested rulings of law numbers 1 through 9. We confine our analysis, however, to request for ruling number 6B which is dispositive of this appeal.
The court's denial of request for ruling of law6B[5] constituted a ruling by the court that a finding for the plaintiff was required by the evidence as a matter of law. Bresnick v. Heath, 292 Mass. 293 (1935). The practical effect of the court's disposition of request 6B herein was to charge the defendant with strict or absolute liability for an unexplained occurrence with an instrumentality over which the defendant exercised control. As the instrumentality was in this case a chair, no such duty or standard of care is imposed upon the defendant by law. See, as to defendant's duty of reasonable care, Denton v. Park Hotel, Inc., 343 Mass. 524 (1962); Glick v. Prince Italian Foods of Saugus, Inc., 25 Mass. App. Ct. 901 (1987). The total absence of any evidence as to the cause of the accident in question and as to any act or omission by the defendant constituting negligence in this case renders it evident that the trial court predicated its finding for the plaintiff on the doctrine of res ipsa loquitur. See Couris v. Casco Amusement Corp., 333 Mass. 740 (1956) (sudden collapse of seat in theatre warranted a finding of theatre proprietor's negligence under doctrine of res ipsa loquitur). Contrary to the court's ruling on request 6B, however, the doctrine of res ipsa loquitur did not require a finding that the plaintiff was entitled to recover. The essence of the doctrine is that
[t]he tribunal of fact is permitted, if it sees fit, to drawfrom the occurrence itself of an unusual event the conclusion that it would not have happened unless the defendant had been negligent. It does not more than recognize that negligence and causation, like other facts may be established by circumstantial evidence.’... In drawing this inference and determining that there is a balance of probabilities in favor of negligence, the trier of fact must be able to find, either from common knowledge [citations omitted] or from expert testimony [citations omitted] that the occurrence of the accident shows negligence as a cause.
Coyne v. John S. Tilley Co., 368 Mass. 230, 235 (1975). Res ipsa loquitur thus permits, rattier than requires, a fact finder to determine negligence. As the court's finding of negligence was apparently premised upon an incorrect application of the doctrine of res ipsa loquitor or improper extension of the doctrine to encompass a theory of strict liability, such finding was error.
3. The trial court's denial of request for ruling 6B was error. The court's finding for the plaintiff is hereby vacated, and the case is remanded for a new trial. So ordered.

 “6. The mere happening of an accident involving personal injury to the plaintiff is no evidence of negligence on the part of the defendant
ALLOWED. EXCEPTTHATTHE COURT FINDSTHATTHE CHAIR OWNED BYTHEDEFENDANT FORA SUFFICIENT AMOUNT OFTIME FINALLY COLLAPSED WHEN THE PLAINTIFF SAT ON IT.

 The trial court's finding in favor of both third-party defendants was warranted by this evidence of an intervening period of time afterthe delivery of the chairto the defendant'srestaurantandbeforeits collapse during which the defendant exercised control of the chair. The report is also devoid of any evidence of specific acts of omissions by the third-party defendants which constituted negligence.

 “6B. “The evidence warrants a finding for the defendant, California Cattle Company, Inc. d/b/a Cory's and Cory's of Lexington, Inc.
DENIED."