CYR, Circuit Judge.
 

 Plaintiffs-appellants brought a state court action against General Motors Corporation (“GMC”) for negligent design and manufacture of the 1981 Citation automobile in which plaintiff Donna Price and her mother were riding when it suddenly swerved from the highway and struck a utility pole, seriously injuring Donna and killing her mother. After the action was removed to the United States District Court for the District of Massachusetts, summary judgment was entered for GMC. Plaintiffs raise several claims on appeal. We affirm.
 
 [1]
 

 I
 

 FACTS
 

 ' After backing her 1981 Citation out of her driveway from a “cold start,” Donna Price drove approximately two blocks before the vehicle swerved to the right and struck a utility pole. The sole eyewitness had no idea what caused the car to swerve. Donna Price has no recollection of the event. Shortly after the accident, a mechanical engineer, Bernard Friesecke, inspected the vehicle for appellants. Frie-
 
 *164
 
 secke reported that he found a fluid leak on the rubber boot near the power steering pump. Friesecke concluded that it “would be reasonable to assume that the fluid was power steering fluid.” Although the Price vehicle was inadvertently destroyed before further investigation could be conducted, Friesecke opined (“to a reasonable degree of engineering certainty”) that the accident was probably caused by a defective power steering mechanism.
 

 The district court ordered completion of all discovery by June 30, 1988. Appellants requested an extension of discovery, which was not acted upon. On July 6, 1988, GMC filed its motion for summary judgment. On August 5, 1988, appellants again moved to extend the discovery deadline, requesting more “time to present additional affidavits and facts by way of depositions, answers] to interrogatories and admissions to better respond to the Defendant’s Motion for Summary Judgment.”
 
 See
 
 Fed.R. Civ.P. 56(f).
 

 Following a hearing on December 7, 1988, the district court denied the rule 56(f) extension and granted GMC’s motion for summary judgment. The court concluded that there was insufficient evidentiary support for Friesecke’s opinion as to the cause of the accident and insufficient evidence to connect GMC with the alleged defect in the power steering mechanism. The court conducted another hearing on March 2, 1990, on appellants’ motion for reconsideration, but reaffirmed its earlier decision. Appellants challenge the grant of summary judgment, the denial of their rule 56(f) motion, and the denial of an evidentiary hearing on the motion for summary judgment.
 

 II
 

 DISCUSSION
 

 Rule 56(f)
 

 Civil Rule 56(f) is intended to provide “an additional safeguard against an improvident or premature grant of summary judgment....” 10A Wright, Miller & Kane,
 
 Federal Practice & Procedure
 
 § 2740 (1983). The movant must (1) articulate a plausible basis for the belief that discoverable materials exist which would raise a trialworthy issue, and (2) “demonstrate good cause for failure to have conducted the discovery earlier.”
 
 Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.,
 
 840 F.2d 985, 988 (1st Cir.1988).
 

 We review the denial of a rule 56(f) motion for abuse of discretion.
 
 Hebert v. Wicklund,
 
 744 F.2d 218, 222 (1st Cir.1984). The district court acted well within its discretion in refusing a further extension of the discovery deadline. It determined that appellants had not conducted any investigation or discovery after GMC moved for summary judgment in July 1988.
 
 [2]
 
 At the hearing on their motion for reconsideration in March 1990, appellants asked the court to excuse their lack of diligence by explaining that they had been awaiting designation of GMC’s expert witness. As the district court correctly noted, however, the identity of GMC’s expert was irrelevant, since the motion for summary judgment was based on appellants’ failure to demonstrate a genuine issue of material fact.
 
 [3]
 

 Summary Judgment
 

 Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law.
 
 See, e.g., Siegal v. American Honda Motor Co.,
 
 921 F.2d 15, 17 (1st Cir.1990). The nonmoving party cannot fend off summary judgment unless it makes a competent demonstration that
 
 every essential element
 
 of its claim or defense is at least trialworthy.
 
 Id.
 
 An essential element of a claim or defense is not trialworthy unless there is sufficient evidence for a jury to return a verdict for the nonmoving, party.
 
 Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 249-250, 106 S.Ct. 2505, 2510-2511, 91 L.Ed.2d 202 (1986) (citations omitted).
 

 Negligence Claim
 

 
 *165
 
 Under Massachusetts tort law, appellants bear “ ‘the burden of proving that a defect attributable to the manufacturer’s negligence caused the injury.’ ”
 
 Corsetti v. Stone Co.,
 
 396 Mass. 1, 483 N.E.2d 793, 805 (1985), quoting
 
 Carney v. Bereault,
 
 348 Mass. 502, 204 N.E.2d 448, 451 (1965). In the event that an “ ‘accident occurs after the defendant has surrendered control of the instrumentality involved, it is incumbent upon the plaintiff to show that the instrumentality had not been improperly handled by [herjself or by intermediate handlers.’”
 
 Id.
 
 483 N.E.2d at 805-806, quoting
 
 Coyne v. John S. Tilley Co.,
 
 368 Mass. 230, 331 N.E.2d 541, 546 (1975), quoting
 
 Evangelio v. Metropolitan Bottling Co.,
 
 339 Mass. 177, 158 N.E.2d 342, 347 (1959).
 

 The district court rejected Friesecke’s expert opinion as too speculative, and ruled that appellants had failed to demonstrate a trialworthy issue as to two essential elements of their negligence claim: (1) the existence of a defect in the automobile, (2) for which GMC was responsible.
 

 (1) Existence of Defect
 

 Appellants relied on four factors in their effort to demonstrate a defect in the automobile: first, a National Highway Traffic Safety Administration investigation of possible defects in the performance of the power steering mechanism in the 1981 Citation, especially after a “cold start;” second, a “product recall,” issued by GMC, relating to “cold start” power steering problems with the 1981 Citation, amounting, appellants say, to an “admission” by GMC; third, the claim that the eyewitness account of the accident is consistent with a power steering failure and with no other cause; fourth, Friesecke’s visual inspection as evidencing a defect in the power steering mechanism of the Price vehicle.
 

 These factors do not demonstrate a trial-worthy issue as to whether a defect in the Price vehicle caused the accident.
 
 See Corsetti,
 
 483 N.E.2d at 805. As appellants characterize the evidence, the first two factors might demonstrate a trialworthy issue as to the existence of a defect in the 1981 Citation, but not a defect in the Price vehicle. Moreover, appellants do not fairly characterize the evidence. Although the National Highway Traffic Safety Administration investigated the 1981 Citation for power steering defects, it concluded that any defect was “not safety related.” Furthermore, what appellants style a GMC “product recall” was in fact an extended warranty which explicitly noted that some power steering fluid leaks are due to normal use and are not covered by the warranty. The GMC warranty reasonably cannot be considered an admission that there was a safety-related defect in the 1981 Citation power steering mechanism. In addition, although the eyewitness account of the accident is not inconsistent with appellants’ causation theory, it is no less consistent with several plausible causation theories to which GMC could not be connected, including driver error. Finally, the only eviden-tiary proffer suggésting a defect in the Price vehicle — the report of appellants’ expert Friesecke — was insufficient to demonstrate a trialworthy issue. Friesecke speculated that five possible mechanical defects might explain the vehicle’s sudden swerve to the right. Yet he conceded that his “examination revealed no apparent mechanical cause for the steering failure as reported by the driver, Donna Price.” Moreover, Friesecke conceded on deposition that non-mechanical causes, such as driver error, could account for the swerve. The only direct evidence Friesecke found of any defect was oily fluid on the left boot and he conceded that he
 
 could not determine
 
 whether the fluid was power steering fluid, transmission fluid or brake fluid. Like the district court, we conclude that this evidence formed an inadequate foundation for Friesecke’s expert opinion that a leak in the power steering mechanism probably caused the accident.
 
 See Lynch v. Merrell-National Laboratories,
 
 830 F.2d 1190 (1st Cir.1987) (expert opinion predicated on inadequate foundation insufficient to generate genuine issue as to medical causation). “If evidence is merely colorable, or is not significantly probative, summary judgment may be granted.”
 
 Anderson,
 
 477 U.S. at 249-250, 106 S.Ct. at 2510-2511.
 

 (2) Manufacturer’s Responsibility
 

 Similarly, appellants did not generate a triable issue as to whether GMC was responsible for the alleged defect in the Price vehicle. Even if the Price vehicle leaked power steering fluid, the leak could as well have been due to inadequate maintenance, improper repairs to any .of several hoses and seals, or defective non-GMC replacement parts, as it could to an original design or manufacturing defect. The Prices purchased their 1981 Citation second-hand in 1983, after it had been driven more than 63,000 miles; they drove it approximately 15,000 additional miles. Appellants offered
 
 *166
 
 no evidence relating to the maintenance and repair history of the vehicle prior to their purchase. Moreover, appellants conceded that the transmission was either “repaired or replaced” and that they did not know whether any replacement hoses or seals which may have been used were GMC products. In addition, appellants initiated no discovery concerning these matters. Finally, appellants’ own expert conceded that he had no way of knowing whether any of the mechanical parts in the power steering mechanism were original. Thus, appellants did not demonstrate a trialworthy issue as to an essential element of their negligence claim: “that the instrumentality had not been improperly handled by [the Prices] or by intermediate handlers.”
 
 Corsetti,
 
 483 N.E.2d at 805.
 

 For the foregoing reasons, summary judgment was appropriate.
 
 [4]
 

 Affirmed; costs to appellee.
 

 [1]
 

 . A companion appeal challenges the district court order denying an extension of time under Fed.R.App.P. 4(a)(5) to amend the caption to the original notice of appeal which identified appellants as "Herbert Price et al.”
 
 See Torres v. Oakland Scavenger Co.,
 
 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988);
 
 Pontarelli v. Stone,
 
 930 F.2d 104 (1st Cir.1991). Since we affirm the summary judgment order on the merits, we need not address the companion appeal.
 

 [2]
 

 . Although plaintiffs’ request to extend discovery beyond the June 30 deadline was not acted upon, it is undisputed that there was no stay of discovery between mid-August and mid-December 1988.
 

 [3]
 

 . Appellants assert further that their failure to conduct timely discovery was caused by GMC's failure to respond in timely fashion to their requests for discovery relating to design defects in the 1981 Citation. As the district court correctly noted, however, even if plaintiffs had been able to discover a safety-related design defect, that would not have carried their burden on the causation element of their claim against GMC. Since appellants have not explained how further discovery would “breathe[ ] life into their claim,” the district court order cannot be considered an abuse of discretion.
 
 See Taylor v. Gallagher,
 
 737 F.2d 134, 137 (1st Cir.1984).
 

 [4]
 

 . Appellants contend that the district court abused its discretion by not granting an eviden-tiary hearing to clarify issues inadequately addressed in Friesecke's deposition. We find no abuse of discretion in the present circumstances.
 
 See, e.g., Weinberger v. Great Northern Nekoosa Corp.,
 
 925 F.2d 518, 527 (1st Cir.1991) (decision not to grant an evidentiary hearing normally reviewed only for abuse of discretion). Appellants were given enough time to conduct discovery. Appellants presented Friesecke's deposition and affidavit in support of their claim. The district court conducted a hearing on the motion for summary judgment on December 7, 1988, at which plaintiffs were unable to articulate a genuine issue for trial. The court reconsidered its grant of summary judgment on March 2, 1990, after a further hearing, but sup-portably reaffirmed its earlier ruling. Finally, even on appeal, appellants have not indicated with any particularity what might have been presented at an evidentiary hearing which could have enabled them to resist summary judgment.